

No. 17770

# The University of the State of New York
## The State Education Department
### Before the Commissioner

Appeal of D.S., on behalf of M.S., from action of the Board of Education of the Newburgh Enlarged City School District regarding designation of co-valedictorians.

Meth Law Offices, PC, attorneys for petitioner, Michael D. Meth, Esq., of counsel.

Shaw, Perelson, May & Lambert, LLP, attorneys for respondent, David S. Shaw, Esq., of counsel.

  Petitioner appeals the determination of the Board of Education of the Newburgh Enlarged City School District ("respondent") to designate an additional student as co-valedictorian of the 2019 graduating class of the Newburgh Free Academy ("NFA"), after previously designating petitioner's son ("the student" or "M.S.") sole valedictorian. The appeal must be dismissed.

  M.S. was a senior at respondent's high school during the 2018-2019 school year. On May 13, 2019, at the end of the third quarter of senior year pursuant to district policy #5430, respondent's chief information officer ("CIO") calculated the grade point averages ("GPAs") and class rank for the graduating class, using the district's student management system, Infinite Campus. According to these calculations, M.S. was ranked number one in his class. Respondent's assistant superintendent for curriculum and instruction ("assistant superintendent") avers, in an affidavit submitted by respondent, that when the CIO notified her of the results, he reminded her to "review and hand calculate a few sample[s]" to ensure their accuracy. The CIO also underscored the importance of

conducting the hand calculations to verify the results "when a student is taking a class or classes at more than one of the high school campuses at NFA."

By letter dated May 13, 2019, respondent notified petitioner that his son, M.S., was the valedictorian of the NFA class of 2019. The assistant superintendent avers, however, that this May 13 letter, along with other notification letters, was sent out "prematurely," before the recommended hand calculations had been completed. Shortly thereafter, the parents of the other two students ranked in the top three of the graduating class contacted the assistant superintendent, questioning the results and how they had been calculated.

On May 18, 2019, the assistant superintendent and respondent's director of pupil personnel services ("PPS director") reviewed the transcripts of the top three students; in so doing, they noticed that M.S.'s transcript did not include the courses he had taken that year on the NFA Main Campus.[1] Once those course grades were recorded, the assistant superintendent and PPS director performed hand calculations to determine the GPAs of the top three students. After performing these calculations, M.S.'s GPA dropped from 101.775, previously the highest GPA, to 101.684, the second highest GPA. The assistant superintendent avers that these results were then verified through a second set of hand calculations completed, in the presence of several school officials, on May 20, 2019.

By letter dated May 21, 2019, respondent notified petitioner that his son was the "co-valedictorian" of the graduating class and apologized for "any confusion from the letter dated May 13, 2019." In an affidavit submitted by respondent, the district's superintendent avers that he decided to grant petitioner's son, M.S., and the student who had earned the top GPA, M.P., co-valedictorian status because respondent had previously informed M.S. that he would be the valedictorian and because the GPAs of M.S. and M.P. were "extremely close" (i.e. a difference of 0.042). This appeal ensued. Petitioner's request for interim relief was denied on June 12, 2019.

Petitioner contends that respondent arbitrarily and capriciously changed the criteria used to determine class

---

[1] The record indicates that, in his senior year, M.S. had been taking several college courses at Orange County Community College.

2

rank after it had designated his son valedictorian. Petitioner asserts that respondent's "rescinding and subsequent diluting of the [valedictorian] designation to M.S." was done in retaliation against petitioner, who claims to be "a whistleblower against the district." For relief, petitioner seeks a determination that M.S. is the sole valedictorian of respondent's class of 2019.

Respondent generally denies petitioner's contentions and maintains that petitioner has failed to meet his burden of proof. Respondent asserts that district officials followed long-established district policy on determining class rank, and that this policy is reasonable and had been "objectively applied to all students." Further, respondent asserts that its determination to have co-valedictorians after discovering the error in computing petitioner's son's GPA was reasonable.

The appeal must be dismissed for failure to join a necessary party. A party whose rights would be adversely affected by a determination of an appeal in favor of a petitioner is a necessary party and must be joined as such (Appeal of Sutton, 57 Ed Dept Rep, Decision No. 17,331; Appeal of Murray, 48 id. 517, Decision No. 15,934). Joinder requires that an individual be clearly named as a respondent in the caption and served with a copy of the notice of petition and petition to inform the individual that he or she should respond to the petition and enter a defense (Appeal of Sutton, 57 Ed Dept Rep, Decision No. 17,331; Appeal of Murray, 48 id. 517, Decision No. 15,934). Here, students M.P. and S.R. were designated, respectively, the co-valedictorian and salutatorian of NFA's class of 2019. Were petitioner to prevail, their current class rank designations would be adversely affected. As such, they are necessary parties to the appeal (Appeal of T.A. and J.A., 54 Ed Dept Rep, Decision No. 16,781; Appeal of Gordinier, 52 id., Decision No. 16,433). While M.P. and S.R. are named as respondents in the caption of the appeal, the record contains no evidence that they were personally served with the petition in this appeal (Appeal of Munno, 57 Ed Dept Rep, Decision No. 17,201; Appeal of Gordinier, 52 id., Decision No. 16,433). Therefore, because M.P. and S.R. would clearly be affected by a determination in petitioner's favor, the appeal must be dismissed for failure to join necessary parties (Appeal of T.A. and J.A., 54 Ed Dept Rep, Decision No. 16,781; Appeal of Gordinier,

52 id., Decision No. 16,433; Appeal of Jobson, 47 id. 347, Decision No. 15,719).[2]

Additionally, the appeal must be dismissed as moot. The Commissioner will only decide matters in actual controversy and will not render a decision on a state of facts which no longer exist or which subsequent events have laid to rest (Appeal of Sutton, 57 Ed Dept Rep, Decision No. 17,331; Appeal of a Student with a Disability, 48 id. 532, Decision No. 15,940; Appeal of M.M., 48 id. 527, Decision No. 15,937). In this case, petitioner's request for interim relief was denied on June 12, 2019. The class of 2019 graduated shortly thereafter, with M.S. and M.P. designated as co-valedictorians. Therefore, petitioner's request for his son to be named the sole valedictorian of the class of 2019 has been rendered academic (Appeal of Gordinier, 52 Ed Dept Rep, Decision No. 16,433).

Even if the appeal were not dismissed on procedural grounds, it would be dismissed on the merits. The determination of class rank is a decision for a local board of education that should not be altered unless it is arbitrary or capricious (Appeal of T.A. and J.A., 54 Ed Dept Rep, Decision No. 16,781; Appeal of Gordinier, 52 id., Decision No. 16,433; Appeal of Gilewicz, 47 id. 493, Decision No. 15,764). As long as the local policy in question is not wholly without rational basis, the Commissioner will not impose a different policy (Appeal of Gordinier, 52 Ed Dept Rep, Decision No. 16,433; Appeal of Gilewicz, 47 id. 493, Decision No. 15,764; Appeal of Lynch, 42 id. 398, Decision No. 14,892).

In an appeal to the Commissioner, a petitioner has the burden of demonstrating a clear legal right to the relief requested and the burden of establishing the facts upon which petitioner seeks relief (8 NYCRR §275.10; Appeal of

---

[2] Although every student in the 2019 MFA class could conceivably be affected by an appeal that adjusts the grade ranking, it appears from the record that respondent's district only awards distinctive titles to the first and second highest grade earners in a given class. Therefore, I find that only those individuals whose status as valedictorian or salutatorian could be affected by the instant appeal are necessary parties; the effect on the remainder of the class is incidental (cf. Appeal of Handsman, 58 Ed Dept Rep, Decision No. 17,596 ["a requirement that every student or district resident who could be adversely affected by an order setting aside a district policy be joined as a necessary party would be unworkable and contrary to public policy"]).

4

P.C. and K.C., 57 Ed Dept Rep, Decision No. 17,337; Appeal of Aversa, 48 id. 523, Decision No. 15,936; Appeal of Hansen, 48 id. 354, Decision No. 15,884).

Petitioner argues that respondent acted arbitrarily and capriciously when it "rescind[ed] and subsequently dilute[ed]" his son's designation as valedictorian in "violation of lawful district procedures." Petitioner asserts that respondent improperly changed its criteria for determining class rank[3] after his son had already been designated valedictorian and without holding a public meeting on such change. As proof, petitioner asserts that the student's guidance counselor informed him in a January 24, 2019 email that class rank was calculated only using final grades, and not using third quarter grades. "Based on this information from his guidance counselor," petitioner claims, the student "focused his attention on his college courses."

Respondent asserts that the information provided by the student's guidance counselor was inaccurate. Respondent explains that "grade point averages have been calculated in accordance with Policy 5430 since 1982," pointing out that this policy is available on its website. As the record indicates, policy 5430 provides that students are ranked according to their grade point average "through the third quarter of their senior year." While it is regrettable that the student's guidance counselor provided him with inaccurate information, this does not contradict the plain language of respondent's policy, which was approved by the board of education and published on the district's website. Thus, petitioner has failed to meet his burden of proving a clear legal right to his requested relief.

Further, other than conclusory allegations, petitioner has not provided proof that respondent's actions concerning the calculation of class rank in May 2019 were motivated by retaliatory or improper animus.[4] As explained above,

---

[3] Petitioner contends that respondent's policy was to determine class rank on the basis of final grades, and not on third quarter grades.
[4] During the pendency of this appeal, petitioner sent several extra submissions, in letters dated July 9, July 18, and July 30, 2019, beyond the pleadings allowed for by 8 NYCRR 275.3(a). However, petitioner did not comply with those portions of the practice regulations governing additional submissions in appeals and other proceedings before the Commissioner (8 NYCRR §§275.3[b], 276.5[a]). Therefore, I decline to consider petitioner's additional submissions.

respondent's actions were reasonable and supported by the record; I cannot conclude that they were irrational, let alone retaliatory or improper. Additionally, I note that respondent could have designated M.S. the class salutatorian, but instead chose to have M.S. share the distinction of valedictorian with M.P. This further undermines petitioner's claim of retaliatory or improper motive.

Therefore, based on this record, I am unable to conclude that respondent changed M.S.'s class rank in retaliation for petitioner having been "a vocal critic" of respondent. The record before me demonstrates that respondent's policy and procedures for selecting a valedictorian are reasonable; that it followed its policies in this case; and that its designation of co-valedictorians was neither arbitrary nor capricious. I, therefore, find no basis to substitute my judgment in this matter (see Appeal of P.F., 49 Ed Dept Rep, Decision No. 16,039, Appeal of Pesce, 47 id. 497, Decision No. 15,765; Appeal of Jobson 47 id. 347, Decision No. 15,719).

In light of this disposition, I need not address the parties' remaining contentions.

THE APPEAL IS DISMISSED.



IN WITNESS WHEREOF, I, Elizebeth R. Berlin, Interim Commissioner of Education of the State of New York, for and on behalf of the State Education Department, do hereunto set my hand and affix the seal of the State Education Department, at the City of Albany, this 10th day of October 2019.

Interim Commissioner of Education