UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DARREN J. STRIDIRON, EVELYN MEIJA
STRIDIRON and MATTHEW A. STRIDIRON,

                                    Docket No.: 20-CV-6823 (CS)

                    Plaintiffs,

        -against-


NEWBURGH ENLARGED CITY SCHOOL
DISTRICT, CAROLE MINEO, PHIL
HOWARD, LISA MARIE SPINDLER and
ROBERTO PADILLA

                    Defendants.
------------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

*Of Counsel: Caroline B. Lineen*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT……………………………………………1

STATEMENT OF FACTS………………………………………………1

    Factual Background……………………………………………………1

    Procedural History………………………………………………………4

STANDARD OF REVIEW……………………………………………5

ARGUMENT…………………………………………………………...7

    POINT I:      THE COURT LACKS PERSONAL JURISDICTION
                   OVER THE DEFENDANTS BASED ON
                   DEFICIENT PROCESS AND IMPROPER SERVICE……………7

    POINT II:     THERE ARE NO PLAUSIBLE CLAIMS ON
                   BEHALF OF MS. STRIDIRON…………………………………9

    POINT III:    PLAINTIFFS FAIL TO STATE PLAUSIBLE
                   DUE PROCESS CLAIMS…………………………………………11

    POINT IV:    DEFENDANTS ARE ENTITLED TO
                   QUALIFIED IMMUNITY ON THE DUE
                   PROCESS CLAIMS……………………………………………14

    POINT V:     PLAINTIFFS FAIL TO STATE PLAUSIBLE
                   EQUAL PROTECTION CLAIM…………………………………16

    POINT VI:    THE EMOTIONAL DISTRESS CLAIMS
                   MUST BE DISMISSED……………………………………17

    POINT VII:   THE CLAIMS FOR SLANDER MUST BE
                   DISMISSED………………………………………………18

    POINT VIII: THE CLAIM FOR ASSAULT FAILS………………………20

    POINT IX:    THE CAUSES OF ACTION FOR NEGLIGENCE
                   AND BREACH OF FIDUCIARY DUTY FAIL……………………20

**POINT X:**     **THE CAUSES OF ACTION FOR FRAUD AND
                FRAUDULENT CONCEALMENT FAIL**…………………………..22

**CONCLUSION**…………………………………………………………………………...24

# **TABLE OF AUTHORITIES**

Page(s)

Cases

A.M. v. New York City Dept. of Educ.,
840 F.Supp.2d 660 (E.D.N.Y. 2012)........................................................10

Allison v. Round Table Inv. Management Co.,
447 Fed. Appx. 274 (2d Cir. Jan. 12, 2012).................................................22

Ashcroft v. al-Kidd,
131 S. Ct. 2074 (2011)......................................................................14

Ashcroft v. Iqbal,
129 S. Ct. 1937 (2009)........................................................................7

Bannister v. Agard,
125 A.D. 3d 797 (2d Dept. 2015)..........................................................11

Bastien v. Sotto,
299 A.D.2d 432 (2nd Dept. 2002)..........................................................20

Bd. of Educ. of Smithtown Cent. Sch. Dist. v. Factor,
1989 WL 47707 (Apr. 27, 1989)............................................................8

Bell Atlantic Corp. v. Twombly,
127 S.Ct. 1955 (2007)......................................................................6, 7

Chanko v. Am. Broad. Cos. Inc.,
27 N.Y.3d 46 (2016)....................................................................10, 17

Charles W. v. Maul,
214 F.3d 350 (2d Cir. 2000)...............................................................15

Cioffi v Habberstad,
22 Misc 3d 839 (Sup Ct 2008)............................................................19

Cloyd v. Arthur Anderson & Co.,
151 F.R.D. 407 (D. Utah, Central Div., 1993)..............................................8

Collins v. Travers Fine Jewels, Inc.,
2017 WL 1184035 (S.D.N.Y. Mar. 29, 2017)..............................................20

D'Angelo-Fenton v. Town of Carmel,
470 F.Supp.2d 387 (S.D.N.Y. 2007).......................................................10

DiFillippo v. Special Metals Corp.,
299 F.R.D. 348 (N.D.N.Y. 2014)............................................................6

Dillon v City of New York,
   261 A.D.2d 34 (1st Dept. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Donohue v. Copiague UFSD,
   47 N.Y.2d 440, 418 N.Y.S.2d 375 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Epifani v Johnson,
   65 A.D.3d 224 [2d Dept. 2009] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Feine v. Parkland Coll. Bd. Of Trustees,
   2010 WL 1524201 (C.D. Ill. Feb. 25, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Frank v. Walgreens Co.,
   2010 WL 3119267 (E.D.N.Y. Aug. 4, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Gianna Enters. v. Miss World (Jersey) Ltd.,
   551 F.Supp. 1348 (S.D.N.Y.1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Gioia v. Forbes Media LLC,
   501 Fed.Appx. 52 (2d Cir. Nov. 5, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Gould v. Rempel,
   99 A.D.3d 759 (2d Dept. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 20

Greenberg v. Blake,
   117 A.D.3d 683 (2d Dept. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Harlow v. Fitzgerald,
   457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Harris v. Morris,
   2017 WL 8776683 (6th Cir. Oct. 26, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Harris,
   2017 WL 9476832 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

HB v. Monroe Woodbury Cent. Sch. Dist.,
   2012 WL 4477552  (S.D.N.Y. Sept. 27, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Howell v. New York Post Co.,
   81 N.Y.2d 115 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.,
   399 F. Supp. 2d 325 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Introna v. Huntington Learning Ctrs., Inc.,
   78 A.D.3d 896 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 22

Iqbal v. Hasty,
   2007  WL 1717803 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Jackson v. City of N.Y.,
   2015 WL 4470004 (S.D.N.Y. June 26, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Jackson v. Peekskill City Sch. Dist.,
  106 F.Supp.3d 420 (S.D.N.Y. 2015) (dismissing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Jeffrey v. Bd. Of Trustees of Bells ISD,
  261 F.Supp.2d 719, fn. 7 (E.D Tx. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Joyce v Thompson Wigdor & Gilly LLP,
  2008 WL 2329227 (S.D.N.Y June 3, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Kajoshaj v. City of New York,
  2013 WL 249408 (E.D.N.Y. Jan 23. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Leone v Rosenwach,
  245 A.D.2d 343 (2d Dept. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Loreley Financing No. 3 Ltd. v. Wells Fargo,
  797 F.3d 160 (2d Cir. July 24, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Mende v. Milestone Technology, Inc.,
  269 F.Supp.2d 246 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Miller v Richman,
  184 A.D.2d 191 (4th Dept. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Minholz v. Lockheed Martin Corp.,
  227 F. Supp. 3d 249 (N.D.N.Y. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Mitchell v. Forsyth,
  472 U.S. 511 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Morgan v. City of New York,
  166 F.Supp.2d 817 (S.D.N.Y.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Morgan v. Swanson,
  659 F.3d 359 (5th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Murphy v. Am. Home Prods. Corp.,
  58 N.Y.2d 293 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Hoffman v. Board of Education,
  49 N.Y.2d 121, 424 N.Y.S.2d 376 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

New York Times Co. v. Sullivan,
  376 U.S. 254 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Obersteller v. Flour Bluff Indep. Sch. Dist.,
  874 F.Supp. 146 (S.D. Tx. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,
  484 U.S. 97 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Osrecovery Inc. v. One Group Intern Inc.,
  234 F.R.D. 59 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Pearson v. Callahan,
  555 U.S. 223 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Raymon v. Alvord Indep. Sch. Dist.,
  639 F.2d 257 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

S.C. v. Monroe Woodbury Cent. Sch. Dist.,
  2012 WL 2940020 (S.D.N.Y. July 18, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Sadowy v. Sony Corp.,
  496 F.Supp. 1071 (S.D.N.Y. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Salvatore v Kumar,
  45 AD3d 560 [2007] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Sancino v. Warwick Valley Cent. Sch. Dist.,
  138 A.D.3d 717 (2d Dept. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 17

Sands v. News America Pub., Inc.,
  237 A.D.2d 177 (1st Dept. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Schulman v. Hunderfund,
  12 N.Y.3d 143 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

Shepard v. Cleveland Sch. Dist.,
  822 Fed. Appx. 312 (5th Cir. Sept. 25, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Smith v. Utah Valley Univ.,
  97 F.Supp.3d 998 (S.D. Ind. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16

T.P. v. Elmsford Union Free Sch. Dist.,
  2012 WL 860367 (S.D.N.Y. Feb.27, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

TC v. Valley Cent. Sch. Dist.,
  777 F.Supp.2d 577 (S.D.N.Y.2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Thai v. Cayre Group, Ltd.,
  726 F.Supp.2d 323 (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Valle v. YMCA of Greater New York,
  2006 WL 2571946 (S.D.N.Y. July 6, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Village of Canon v. Bankers Trust Co.,
  920 F.Supp. 520 (S.D.N.Y.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

W.A. v. Hendrick Hudson Cent. Sch. Dist.,
  2016 WL 1274587 (S.D.N.Y. Mar. 31, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Warren v. John Wiley & Sons,
  952 F.Supp.2d 610 (S.D.N.Y. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Wende C. v. United Methodist Church,
  6 A.D.3d 1047  (4th Dept.2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Wilson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
  111 A.D.2d 807 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Woods v. Maytag Co.,
  807 F.Supp.2d 112 (E.D.N.Y.2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Statutes

New York State Education Law § 310 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Rules

CPLR 3016(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
Fed. R. Civ. P. 4(a) and (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Fed. R. Civ. P. 4(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Fed. R. Civ. P. 4(c)(1) and (m) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Fed. R. Civ. P. 4(l) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Other Authorities

Restatement (Second) of Torts § 558 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## PRELIMINARY STATEMENT

The Defendants, Newburgh Enlarged City School District ("the District"), Carole Mineo ("Ms. Mineo"), Phil Howard ("Mr. Howard"), Lisa Marie Spindler ("Dr. Spindler"), and Roberto Padilla ("Dr. Padilla"), by and through their attorneys, Silverman and Associates, respectfully submit this Memorandum of Law in support of their motion to dismiss the Plaintiffs' Amended Complaint pursuant to Rules 12(b)(2), (4), and (6) of the Federal Rules of Civil Procedure.  This case and the Plaintiffs' claims for millions of dollars in damages[1] arise out of the Plaintiffs' displeasure that Matthew was not selected to be the sole valedictorian and was instead honored as the co-valedictorian of the District's Class of 2019.  As is more fully discussed below, the Plaintiffs' Amended Complaint should be dismissed because the process served was deficient and the Court lacks personal jurisdiction over the Defendants, the Plaintiffs fail plead sufficient facts to state plausible claims for relief against the Defendants, and the Defendants are entitled to qualified immunity.

## STATEMENT OF FACTS

### Factual Background[2]

The Plaintiff, Matthew Stridiron ("Matthew") is a former student of the District.  The Plaintiffs, Darren Stridiron ("Mr. Stridiron") and Evelyn Meija Stridiron ("Mrs. Stridiron"), are

---

[1]  According to Plaintiffs' Notice of Claim, they are seeking $45,000,000.00 in damages.  See Exhibit "K".

[2]  Except as otherwise noted, the facts are taken from the Amended Complaint and, as they must be, are assumed to be true for purposes of this motion only.  For the sake of brevity and the Court's convenience, the Defendants will not reiterate each and every allegation made in the Complaint and refer the Court to the Amended Complaint for a full recitation of the alleged facts.

his parents.  Mr. Stridiron is also a long-time member of the Board of Education of the District.
See Exhibit "A", at ¶¶ 1-3.

At some time prior to April 4, 2019, Mr. Stridiron testified before a Grand Jury during an
investigation into student attendance, credit and grading issues, and student-athlete eligibility in
the District.  He alleges that, after the issuance of the Grand Jury Report, the then Vice President
of the Board, Susan Prokosch[3], and President of the Board, Ms. Mineo, wanted to know who
provided information to the Grand Jury.  He alleges also alleges that Ms. Mineo directly asked
each member of the Board, including him, if they were the Grand Jury witness.  Mr. Stridiron
further alleges that Ms. Mineo yelled at him that "[he was] not honest" and "[he] told people
confidential information."  Id., at ¶¶ 15-18.

On May 13, 2019, Matthew was named valedictorian of the District's High School Class
of 2019.  On May 20, 2019, Dr. Spindler, along with co-Principals Matteo Doddo and Raul
Rodriguez, called Mr. Stridiron and informed him that a recalculation was done over the
weekend using a system that incorporated third quarter grades.  Mr. Stridiron was advised that,
based on the recalculations, Matthew was salutatorian, not valedictorian.  The Plaintiffs allege
that this recalculation was contrary to the information previously provided by a school guidance
counselor that only final course grades were used to calculate class rank.  Id., at ¶¶ 19-22.

At some point, Mr. Stridiron was told by a local reporter that Mr. Howard, a fellow Board
member, had "confidential information" about a potential offer to designate Matthew as co-
valedictorian.  The reporter also informed Mr. Stridiron that Mr. Howard, under the alias "Joey
Johns" told her that a Board member was using his influence to have his son named co-

---

[3]  Ms. Prokosch died in March 2020.

valedictorian in an effort to rob a "poor Hispanic kid" of the honor.  Mr. Howard allegedly told the reporter to run a story on that.  Id., at ¶¶ 24-26.

On or about May 21, 2019, Mr. Stridiron was informed that Ms. Mineo, former Vice President Prokosh, and Superintendent Dr. Padilla met to discuss the dispute over valedictorian, which involved confidential student records, and used the information to tarnish Matthew's academic standing.

On May 22, 2019, Matthew was bestowed the honor of co-valedictorian.  The District announced this honor on its website and social media sites.  Matthew had already been accepted to Columbia University at this time.  Id., at ¶¶ 27-31.  A District Assistant Superintendent for Curriculum and Instruction, Sara Feliz, commented on a District twitter post picturing Matthew, his co-valedictorian, and the salutatorian by stating  "[s]o awesome how our District's student diversity radiates through this outcome."  Matthew is light-skinned with blue eyes, but his co-valedictorian and the salutatorian are darker skinned, with one being African American.  Id., at ¶¶ 34-35.

Dr. Padilla later recognized Matthew as co-valedictorian at the Outstanding Recognition Dinner honoring valedictorians and salutatorians from the County, but the plaintiffs allege Dr. Padilla and other administrator stared them down during this dinner.  Id., at ¶¶ 37-38.  According to the Plaintiffs, Matthew lost an opportunity to apply for a scholarship because Dr. Padilla did not prepare applications in time.  They further allege that the District's Communications Strategist interfered with Matthew during an interview about his co-valedictorian status during his SUNY graduation.  Id., at ¶¶ 32-33.

Matthew was indeed recognized as the co-valedictorian at the 2019 High School Graduation.  Id., at ¶ 55.  The Plaintiffs allege that thereafter, the District attempted to interfere

with Matthew's enrollment at Columbia University by not providing accurate transcripts despite repeated requests from Matthew and the college.  Id., at ¶¶ 57-76.  In July 2019, Ms. Mineo assigned Mr. Stridiron to one Board Committee assignment for the 2019-20 school year, while other Board members were assigned to three or four Committees.  Mr. Stridiron also alleges that Mr. Howard requested a Special Meeting of the Board to discuss Mr. Stridiron's actions and that he was made to leave certain Executive Sessions.  Id., at ¶¶ 56, 80-81.

**<u>Procedural History</u>**

The Plaintiffs commenced the instant litigation by filing a Summons with Notice in the Supreme Court of the State of New York, Orange County on or about July 2, 2020.  <u>See</u> Exhibit "B".  The Plaintiffs did not serve any of the Defendants with the Summons with Notice at or around that time.  <u>See</u> Exhibit "C"; Exhibit "D"; Exhibit "E"; Exhibit "F"; Exhibit "G".  After the commencement of the action was brought to the attention of the District's insurance carrier by another panel counsel not representing the District in this matter who had located the filing on the state court's electronic filing system by chance, current defense counsel was advised.  Thereafter, by and through their attorneys, the Defendants served a Demand for a Complaint.  <u>See</u> Exhibit "H".

On or about August 10, 2020, the Plaintiffs filed their Complaint with the Supreme Court, Orange County.  <u>See</u> Exhibit "I".  At that time, the Plaintiffs did not serve the District or any of the individual Defendants with the Complaint.  <u>See</u> Exhibits "C"-"G".  As the Complaint alleged claims pursuant to the First Amendment of the United States Constitution and the Due Process and Equal Protection Clauses of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983,  as well as other alleged violations of the plaintiff's civil rights under federal law and attorneys' fees pursuant to 42 U.S.C. § 1988, the Defendants removed the matter to this Court on

August 24, 2020.  See Docket Entry ("DE") 1-5.  In the Notice of Removal, the Defendants raised the lack of service and expressly reserved their right to challenge service and assert all jurisdictional defenses.  See DE 1, at ¶ 2.

The Plaintiffs did not attempt to serve the Defendants after receipt of the Removal papers.   In fact, they did not attempt to serve the Defendants until after the Defendants filed their September 21, 2020 pre-motion conference request with the Court, in which lack of service and personal jurisdiction was raised.  See DE 10.  While the Plaintiffs then attempted to serve the Defendants on September 23, 24, and 29, 2020, the papers served on the Defendants contained the state court notification of commencement of an action and a state court Summons.  See Exhibits "C"-"G".[4]  The case had already been removed to this Court one month prior.  To date, the Plaintiffs have not served the Defendants with Summonses issued from this Court.

On November 5, 2020, the Plaintiffs filed their Amended Complaint.  The Amended Complaint, as did the initial Complaint, asserts causes of action for First Amendment retaliation and procedural due process and equal protection violations in pursuant to 42 U.S.C. § 1983, as well as negligence, breach of fiduciary duty, breach of non-delegable duty, fraudulent concealment, intentional infliction of emotional distress, negligent infliction of emotional distress, fraud, assault, and slander.  See Exhibit "A".

## STANDARD OF REVIEW

Before addressing the Rule 12(b)(6) motion to dismiss, the Court must first address the preliminary questions of service and personal jurisdiction.  Mende v. Milestone Technology, Inc., 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003).  Rule 12(b)(2) requires the dismissal of an action

---

[4]  The Plaintiffs filed Affidavits of Service regarding such service with the state court on October 1, 2020.  See Exhibit "J".

against any defendant over whom the federal court lacks *in personam* jurisdiction. In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig., 399 F. Supp. 2d 325, 330 (S.D.N.Y. 2005). The Plaintiffs bear the burden of proof to demonstrate that the Court has jurisdiction over the Defendants and the Plaintiffs must provide allegations of a factually specific nature to confer jurisdiction. Minholz v. Lockheed Martin Corp., 227 F. Supp. 3d 249, 255 (N.D.N.Y. 2016). Conclusory statements will be considered insufficient proof. Id.

The United States Supreme Court has held that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). A motion under Rule 12(b)(4) lies to challenge noncompliance with Rule 4(b) and the provisions of Rule 4 addressing the requisite content of a summons. Jackson v. City of N.Y., 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015). An objection to the sufficiency of process must identify specific substantive deficiencies in the summons or complaint. DiFillippo v. Special Metals Corp., 299 F.R.D. 348, 352–53 (N.D.N.Y. 2014).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." See Federal Rule of Civil Procedure Rule 12(b)(6). In reviewing a motion to dismiss, a Court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. Iqbal v. Hasty, 2007 WL 1717803 (2d Cir. 2007). However, this does not relieve the Plaintiffs of the obligation to plead facts sufficient to assert a claim to relief that is "plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). As the Supreme Court announced in Ashcroft v. Iqbal, the Court must approach the factual allegations in a complaint in two parts. First, the Court is not required to accept as true allegations that are

nothing more than legal conclusions.  The Court then, assuming all well-plead allegations to be true, must determine if they "plausibly give rise to an entitlement to relief."  <u>Ashcroft v. Iqbal</u> 129 S. Ct. 1937, 1949-50 (2009).  This requires more than a sheer possibility that a defendant's conduct was unlawful.  <u>Id.</u> at 1949.  Factual allegations must be sufficient to "raise a right to relief above the speculative level."  <u>Bell Atlantic Corp</u>, 127 S.Ct, 1955, 1965 (2007).

## **ARGUMENT**

**POINT I:     THE COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS BASED ON DEFICIENT PROCESS AND IMPROPER SERVICE**

Timely and proper service is required for a court to possess personal jurisdiction over a claim. <u>Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104 (1987). Pursuant to Rule 4 of the Federal Rules of Civil Procedure, unless service is waived, a copy of the summons and complaint must be served on the defendant within ninety (90) days of the filing of the complaint. <u>Fed. R. Civ. P. 4(c)(1) and (m)</u>.  Proof of service must be filed with the court. <u>Fed. R. Civ. P. 4(l)</u>. Here, there are several deficiencies in process and service of process.

The Plaintiffs did not serve the Defendants with the Summons with Notice at or shortly after filing the same with the state court.  The Plaintiffs also did not serve the Defendants at or around the time of filing of the initial Complaint.  Nor did they serve the Defendants or make any attempts to serve the Defendants after concerns about service were raised in the Removal papers or at any time prior to the filing of the Defendants' pre-motion letter with this Court.

While the Plaintiffs attempted to serve the Defendants several days after the filing of the pre-motion letter again noting the lack of service and lack of personal jurisdiction, the process was defective.  The Summons was not issued and signed by this Court.  Instead, the Plaintiffs served a state court Summons bearing a state court index number and the signature of the Plaintiffs'

attorney.   Moreover, the Summons was not issued as to each specific defendant and instead generally issued to all Defendants.  <u>Fed. R. Civ. P. 4(b).</u>  <u>See</u> Exhibits "C"-"G".

Rule 4 of the Federal Rules of Civil procedure requires that a summons be signed by the clerk of the court and bear the seal of the court.  <u>Fed. R. Civ. P. 4(a) and (b).</u>  The service of an unsigned, unsealed, or defective summons is not a harmless error.  <u>Bd. of Educ. of Smithtown Cent. Sch. Dist. v. Factor</u>, 1989 WL 47707 at * 2 (Apr. 27, 1989).  "Rules 4(a) and 4(b) clearly require original process to be issued and signed by the clerk and be under seal of the court, original process issued by the plaintiff or his attorney may be void, and not curable by amendment, even where state law would permit such process."  <u>Id.</u>, *citing*, <u>2 J. Moore, Federal Practice</u> ¶ 4.44, at 4–418 (3d ed. 1988).  Defects that demonstrate a flagrant disregard for the applicable rules should not be excused.  <u>Gianna Enters. v. Miss World (Jersey) Ltd.</u>, 551 F.Supp. 1348, 1358 (S.D.N.Y.1982); <u>Cloyd v. Arthur Anderson & Co.</u>, 151 F.R.D. 407, 409-12 (D. Utah, Central Div., 1993).

The state court-captioned and attorney-signed general Summons directed to all Defendants as a group is clearly not sufficient process.  <u>Frank v. Walgreens Co.</u>, 2010 WL 3119267 at * 3 (E.D.N.Y. Aug. 4, 2010) (holding state court summonses did not satisfy requirements of Rule 4 and that court lacked personal jurisdiction over defendants).  The Plaintiffs failed to comply with the requirements of Rule 4 and to ensure service of sufficient process, even after being alerted that the Defendants intended to challenge service and lack of personal jurisdiction in both the Removal papers and the subsequent pre-motion letter.  This failure should not be disregarded.  <u>Osrecovery Inc. v. One Group Intern Inc.</u>, 234 F.R.D. 59, 60-61 (S.D.N.Y. 2005).   As such, process must be quashed and there is no personal jurisdiction over the Defendants.

Accordingly, as process is deficient and must quashed, the Court lacks personal jurisdiction over the defendants and all causes of action against the Defendant should be dismissed pursuant to Rules 12(b)(2) and (4) and Rule 4(a) and (b) of the Federal Rules of Civil Procedure.   <u>A.C. v. Brockport Cent. Sch. Dist.</u>, 2009 WL 104458 at * 3-4 (W.D.N.Y. Apr. 16, 2009).

**<u>POINT II:</u>      <u>THERE ARE NO PLAUSIBLE CLAIMS ON BEHALF OF MRS. STRIDIRON</u>**

The Amended Complaint is entirely devoid of any factual allegations as to how the Defendants conduct violated Mrs. Stridiron's First Amendment rights.  It does not contain any facts suggesting that she engaged in the requisite protected activity.  Nor does it contain any factual allegations as to retaliatory or adverse actions taken by the Defendants against her, as opposed to Matthew and Mr. Stridiron.  Similarly, the Amended Complaint does not contain a single factual allegation demonstrating that Mrs. Stridiron was personally deprived of a constitutionally protected property or liberty interest by the Defendants' conduct, that the Defendants' discriminated against her in violation of her Equal Protection rights, and/or as to how any of her other constitutional or civil rights were violated by the Defendants.  To the contrary the Plaintiffs' allegations relate only to acts allegedly targeting Matthew and/or Mr. Stridiron.  Moreover, Mrs. Stridiron cannot assert derivative claims based on the alleged violation of her son's and/or her husband's rights under the First Amendment and the Due Process and Equal Protection Clauses.   <u>TC v. Valley Cent. Sch. Dist.</u>, 777 F.Supp.2d 577, 590 (S.D.N.Y.2011); <u>T.P. v. Elmsford Union Free Sch. Dist.</u>, 2012 WL 860367 at *3 (S.D.N.Y. Feb.27, 2012); <u>HB v. Monroe Woodbury Cent. Sch. Dist.</u>, 2012 WL 4477552 at *19  (S.D.N.Y. Sept. 27, 2012); <u>Morgan v. City of New York</u>, 166 F.Supp.2d 817, 820 (S.D.N.Y.2001). Accordingly, the eighth, ninth, and tenth causes of action, to the extent they are asserted on behalf of Mrs. Stridiron, must be dismissed.

9

Any state law claims on behalf of Mrs. Stridiron similarly fail.  It is somewhat unclear as to which state law claims Mrs. Stridiron seeks to pursue, and therefore, the Defendants will address the deficiencies in each state law cause of action in an abundance of caution.  First, the Amended Complaint does not contain any specific factual assertions as to allegedly false statements made by the Defendants about Mrs. Stridiron or that acts of the Defendants' placed Mrs. Stridiron in fear of imminent harm or offensive conduct.  Thus, they fail to plausible state claims for slander and assault on behalf of Mrs. Stridiron.  Valle v. YMCA of Greater New York, 2006 WL 2571946 at * 9 (S.D.N.Y. July 6, 2006) (dismissing slander claim where alleged defamatory statements about plaintiff were not alleged); Gould v. Rempel, 99 A.D.3d 759, 760 (2d Dept. 2012).

The Amended Complaint is also utterly devoid of any factual specifics as to conduct of the Defendants that breached a duty owed to her and either unreasonably endangered her physical safety or caused them to fear for their safety, and therefore, does not state a plausible claim for negligent infliction of emotional distress on behalf of Mrs. Stridiron.  A.M. v. New York City Dept. of Educ., 840 F.Supp.2d 660, 690-91 (E.D.N.Y. 2012); Sancino v. Warwick Valley Cent. Sch. Dist., 138 A.D.3d 717, 719 (2d Dept. 2016).  Nor are there any facts to suggest that the alleged Defendants engaged in any conduct towards Mrs. Stridiron at all, let alone conduct rising to the requisite extreme and outrageous level, with the intent to cause her severe emotional distress.  D'Angelo-Fenton v. Town of Carmel, 470 F.Supp.2d 387, 399 (S.D.N.Y. 2007); Chanko v. Am. Broad. Cos. Inc., 27 N.Y.3d 46, 57 (2016) (New York has an exceedingly high threshold for claims of intentional infliction of emotional distress and even actions likely to be considered reprehensible by most people do not satisfy such a standard).  Accordingly, the

fifth and sixth cause of action, to the extent brought on behalf of Mrs. Stridiron must be dismissed.

Mrs. Stridiron also fails to state plausible claims for negligence, breach of a non-delegable duty, and breach of a fiduciary duty.  The facts as plead in the Amended Complaint do not demonstrate that the Defendants breached any duty owed to Mrs. Stridiron with regard to any matter, or that the Defendants were in a particularized relationship of trust with or had assumed a special duty towards Mrs. Stridiron.  W.A. v. Hendrick Hudson Cent. Sch. Dist., 2016 WL 1274587 at * 14 (S.D.N.Y. Mar. 31, 2016) (no duty is owed by school district and administrators to students' parents).  Accordingly, any claims on behalf of Mrs. Stridiron in the first, second, and third causes of action must be dismissed.

Finally, any claims for fraud or fraudulent concealment on behalf of Mrs. Stridiron also fail.  The Amended Complaint lacks factual specifics as to how, if at all, Mrs. Stridiron justifiably relied on facts that were knowing and materially misrepresented or intentionally concealed material facts.  Nor does it contain sufficient factual specifics about how any reliance of materially misrepresented or concealed facts caused her personally any harm.   Introna v. Huntington Learning Ctrs., Inc., 78 A.D.3d 896, 898; Bannister v. Agard, 125 A.D. 3d 797, 798-99 (2d Dept. 2015).

**POINT III:**   **PLAINTIFFS FAIL TO STATE  PLAUSIBLE DUE PROCESS CLAIMS**

The ninth cause of action seeks to assert  procedural due process claims and appears to be premised on the theory that Matthew had a constitutional property interest in a certain class rank and certain grades.  Such is not the case.  In fact, Matthew did not have a constitutionally protected property or liberty interest in valedictorian or any other class rank or specific grades.

The Defendants' research has not uncovered any cases holding that students have constitutionally protected property interests in specific grades, a particular class rank, or the honors of valedictorian and salutatorian.  Rather, courts that seem to have confronted this issue, have ruled to the contrary.  Quite recently, in Shepard v. Cleveland Sch. Dist., the Fifth Circuit held that there is no constitutional right to being named sole valedictorian.  The Fifth Circuit expressly stated that while students do have a property interest in public education, "there is no free-standing right to class honors."  Shepard v. Cleveland Sch. Dist., 822 Fed. Appx. 312, 313 (5th Cir. Sept. 25, 2020); see also Jeffrey v. Bd. Of Trustees of Bells ISD, 261 F.Supp.2d 719, fn. 7 (E.D Tx. 2013) (plaintiff did not have a property interest in becoming valedictorian).

In addition, in Feine v. Parkland Coll. Bd. Of Trustees, 2010 WL 1524201 at * 9 (C.D. Ill. Feb. 25, 2010), rpt. and rec. adopted, 2010 WL 1524168 (C.D. Ill. Apr. 14, 2010), the court held that "after considering the case law regarding property interests in education and in the absence of any relevant authority to support the premise that a student has a property interest in a single assignment grade," the plaintiff had no property interest in a grade.  Similarly, in Smith v. Utah Valley Univ., 97 F.Supp.3d 998, 1004-1005 (S.D. Ind. 2015), the Court dismissed a student's due process claim arising out of his dissatisfaction with grades and emphasized the dubious nature of such a claim where the alleged low grades did not result in the deprivation of the student's right to continue his education.  see also Harris v. Morris, 2017 WL 8776683 at * 2 (6th Cir. Oct. 26, 2017) (emphasizing lack of authority to support premise that a student holds a property or liberty interest in grades); Jeffrey v. Bd. Of Trustees of Bells ISD, 261 F.Supp.2d 719, 726 (E.D Tx. 2013) ("it is only when a student is excluded from the entire educational system that due process must be afforded").

Significantly, in <u>Raymon v. Alvord Indep. Sch. Dist.</u>, 639 F.2d 257 (5th Cir. 1981), the court dismissed plaintiff's due process claim arising out of the reduction in his grades and grade point average.  In doing so, the court emphasized that the decrease in the overall grade point average was not significant and that a claim such a decrease constituted the deprivation of a vested property or liberty interest without due process was patently insubstantial.  <u>Id.</u>  Further, the court emphatically stated that "[w]hen litigants improperly invoke the aid of a federal court to redress what is patently a trifling claim, the court should not attempt do ascertain who was right or wrong" and "should dispatch the matter quickly.  <u>Id.</u>; <u>see also</u> <u>Obersteller v. Flour Bluff Indep. Sch. Dist.</u>, 874 F.Supp. 146 (S.D. Tx. 1994) (plaintiff's allegations arising out of grading dispute did not trigger due process protections).

Here, Matthew has not alleged that he was entirely excluded from or denied access to a public education in any way.  Thus, he has not alleged the deprivation of a constitutionally protected property interest.  The allegations as to the disputes over certain grades and his displeasure about being a co-valedictorian as opposed to sole valedictorian do not implicate a protected property interest.  Even assuming, *arguendo*, Matthew did have a property interest in a specific grade or the honor of sole valedictorian, he was afforded adequate process.  By the Plaintiffs' own allegations, Mr. Stridiron was invited to present evidence to the District as to why Matthew should be valedictorian.  <u>See</u> Exhibit "A", at ¶ 23.  Further, the Plaintiffs had adequate process available via an appeal to the Commissioner of the New York State Department of Education pursuant to New York State Education Law § 310 and did avail themselves of such process[5].  <u>S.C. v. Monroe Woodbury Cent. Sch. Dist.</u>, 2012 WL 2940020 at * 10 (S.D.N.Y. July

---

[5] New York Education Law § 310 confers parents and students the right to appeal decisions of school districts and administrators on a wide range of issues, and primary jurisdiction over

18, 2012).    <u>See</u> Exhibit "L".  They Plaintiffs also had available an Article 78 appeal to

challenge the decision of the Commissioner, but they failed to do so. Finally, and quite

importantly, Matthew was indeed honored as valedictorian of the Class of 2019, there was

simply another well-deserving student bestowed with the same honor.  While Matthew may be

disappointed with having to share the honor, that in no way compels the conclusion that he had a

legal entitlement to or property interest in it.

Matthew did not have a constitutionally protected property interest in his grades and to

the honor of sole valedictorian.  Regardless, he was afforded the opportunity to be heard

regarding the issues and an adequate post-deprivation available.  Further, his claims are based on

*de minimis* harm (slightly decreased GPA and sharing the valedictorian title).  Accordingly,

Matthew fails to state plausible claims for violation of his procedural due process rights and the

ninth cause of action should be dismissed.

**POINT IV:    <u>DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON THE
DUE PROCESS CLAIMS</u>**

The doctrine of qualified immunity protects government officials 'from liability for civil

damages insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known.'"  <u>Pearson v. Callahan</u>, 555 U.S. 223,

231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  The scope of qualified

immunity is broad, and it protects "all but the plainly incompetent or those who knowingly

violate the law."  <u>Ashcroft v. al-Kidd</u>, 131 S. Ct. 2074, 2085 (2011) (citation and internal

quotation marks omitted).  Qualified immunity is "an immunity from suit rather than a mere

defense to liability . . . ."  <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985) (emphasis in original).

───────────────

claims regarding grade and rank disputes properly belongs with the Commissioner.  <u>N.Y. Educ.
L. § 310.</u>

"At the motion to dismiss stage . . . a defendant is entitled to the shield of qualified immunity if the allegations of the complaint fail to state a claim that his conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known."  Charles W. v. Maul, 214 F.3d 350, 356-57 (2d Cir. 2000) (internal quotation marks and citations omitted).

For it to be concluded that there was clearly established law at the time of the alleged conduct, it must be shown that there is legal authority defining "the contours of the right in question with a high degree of particularity."  Smith v. Davis, 507 Fed. Appx. At 3, *citing*, Morgan v. Swanson, 659 F.3d 359, 371-72 (5th Cir. 2011).  Where the existing precedent and authority does not establish the right beyond debate, it is not clearly established for the purposes of a qualified immunity analysis.

As already discussed above, it is not clearly established that a student has a property interest in class rank, the valedictorian title, and/or specific grades.  Indeed, the contrary appears to be established.  Therefore, even if the Court were inclined not to hold at this stage that Matthew did not have a constitutionally protected property right in his grades or a certain rank or honor, the law on this issue was not clearly established at the time of the Defendants' alleged conduct and they are entitled to qualified immunity on the due process claims.  Smith, 507 Fed. Appx. 359 at * 3-5 (dismissing plaintiff's due process claim arising out of dispute over grades on qualified immunity grounds); Harris, 2017 WL 9476832 at * 6-7 (dismissing due process claim because plaintiff did not demonstrate that his right to due process under circumstances of grading dispute were clearly established); Jackson v. Peekskill City Sch. Dist., 106 F.Supp.3d 420, 427-28 (S.D.N.Y. 2015) (dismissing claims on qualified immunity grounds where the contours of the alleged right remained undefined).

**POINT V:      PLAINTIFFS FAIL TO STATE A PLAUSIBLE EQUAL PROTECTION CLAIM**

The Plaintiffs' tenth cause of action is for race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.  This cause of action fails too.

The Amended Complaint is devoid of any allegations even suggesting a racial motivation behind the complained-of actions and decisions.  The Plaintiffs seem to solely rely on the fact that a District administrator positively reflected on in the apparent diversity among the top three students in the Class of 2019.  That is, however, woefully insufficient to demonstrate that the calculations of Matthew's grades and class rank, and the decision to honor him as co-valedictorian had any nexus at all to his race.

The statement does not reflect any racial bias, motivation, or anything other than personal reflections of pride in the District's diversity.  Notably, the District administrator who alleged commented in this manner is not alleged to have been involved in any of the decisions with respect to Matthew.  Gioia v. Forbes Media LLC, 501 Fed.Appx. 52, 55 (2d Cir. Nov. 5, 2012) (stray remarks are insufficient to state a claim for discrimination).  In addition, the Amended Complaint is utterly devoid of any facts tending to demonstrate  racial animus or bias on behalf of any of those individuals who did perform the calculations and render the decisions as to whether Matthew would be deemed sole valedictorian or co-valedictorian.  The Plaintiffs' empty speculation and bald conclusions as to a racial motive is insufficient to state a plausible equal protection claim.  Kajoshaj v. City of New York, 2013 WL 249408 at * 3 (E.D.N.Y. Jan 23. 2013); Harris, 2017 WL 9476832 at * 7; Smith, 97 F.Supp.3d at 1006.  Accordingly, the tenth cause of action must be dismissed.

## POINT VI:   THE EMOTIONAL DISTRESS CLAIMS MUST BE DISMISSED

The plaintiffs seek to assert claims for both intentional and negligent infliction of emotional distress.  To establish a claim for negligent infliction of emotional distress, a plaintiff must prove the breach of a duty owed to plaintiff that unreasonably endangers plaintiff's physical safety or caused plaintiff to fear for his/her own safety.  Sancino v. Warwick Valley Cent. Sch. Dist., 138 A.D.3d 717, 719 (2d Cir. 2016).  The Amended Complaint is devoid any allegations as to how the Defendants breached any duty owed to the Plaintiffs and that such breach endangered their safety or caused them to fear for such safety.

The cause of action for intentional infliction of emotional distress must be dismissed because it is duplicative of the other causes of action and seemingly a "catch all" cause of action. Wilson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 111 A.D.2d 807, 808 (2nd Dept. June 10, 1985; Murphy v. Am. Home Prods. Corp., 58 N.Y.2d 293, 303 (1983).  Further, even if the allegations in the Amended Complaint are assumed to be true, they certainly do not rise to the level of requisite extreme and outrageous conduct required to state a claim for intentional infliction of emotional distress. Chanko v. Am. Broad. Cos. Inc., 27 N.Y.3d 46, 57 (2016) (New York has an exceedingly high threshold for claims of intentional infliction of emotional distress and even actions likely to be considered reprehensible by most people do not satisfy such a standard); Howell v. New York Post Co., 81 N.Y.2d 115, 120-22 (1993).  Accordingly, the Plaintiffs fail to state plausible claims of intentional and negligent infliction of emotional distress.

## POINT VII:   THE CLAIM FOR SLANDER MUST BE DISMISSED

The twelfth cause of action is asserted on behalf of Mr. Stridiron only.  To recover damages for a defamation or slander cause of action, a plaintiff must demonstrate "a 'false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se.'"  Epifani v Johnson, 65 A.D.3d 224, 233 [2d Dept. 2009], *quoting*, Salvatore v Kumar, 45 AD3d 560, 563 [2007]); see also Restatement (Second) of Torts § 558 (1977).  In an action for slander, "the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally."  CPLR 3016(a).  In addition, "the complaint also must allege the time, place and manner of the false statement and to specify to whom it was made."  Dillon v City of New York, 261 A.D.2d 34, 38 (1st Dept. 1999). As Mr. Stridiron was and is member of the Board of Education, he is a public figure and required to plead actual malice, or actual knowledge of falsity or reckless to disregard as to whether the statement is false or not, to state plausible claims for slander.  New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964); Schulman v. Hunderfund, 12 N.Y.3d 143, 147 (2009); Sands v. News America Pub., Inc., 237 A.D.2d 177 (1st Dept. 1997).

Mr. Stridiron apparently seeks to base his claim on two statements.  First, he alleges Ms. Mineo stated, "you are not honest" and "you told people confidential information."  However, he does not allege when Ms. Mineo allegedly said those words. other than sometime in April 2019. Nor does he allege where such statements where made and if they were made to anyone other than Mr. Stridiron himself.  See Exhibit "A", at ¶¶ 18, 186.  For that reason alone, a claim for slander based on such statements fails.  In addition, the Amended Complaint is bereft of any facts demonstrating that Ms. Mineo either actually knew such statements were false or that she

was reckless with regard to whether they were false.  Thus, Mr. Stridiron has not sufficient

pleaded the requisite actual malice.  In fact, if anything, the Amended Complaint suggests that

this was Ms. Mineo's opinion and belief at the time, and thus, such words are not actionable.

Schulman, 12 N.Y.3d at 150-151 (dismissing defamation claims by Board member's where the

Superintendent's statements about Board member being involved in alleged illegal acts were not

known to be false); Cioffi v Habberstad, 22 Misc 3d 839, 843 (Sup Ct 2008); see also Miller v

Richman, 184 A.D.2d 191, 192–93 (4th Dept. 1992); Joyce v Thompson Wigdor & Gilly LLP,

2008 WL 2329227 (S.D.N.Y June 3, 2008); Leone v Rosenwach, 245 A.D.2d 343 (2d Dept.

1997).  Accordingly, any claims for slander based on the alleged comments of Ms. Mineo fail

and must be dismissed.

    Mr. Stridiron also alleges he was slandered when Mr. Howard told a local reporter that he

was using his influence to get Matthew named valedictorian.  See Exhibit "A", ¶ 187.  The

Amended Complaint is devoid of any allegation as to when this alleged statement was made.

Further, the Amended Complaint is utterly devoid any facts that would demonstrate Mr. Howard

knew this was false, as opposed to it being his personal impression and belief of the

circumstances and Mr. Stridiron and his son's behavior.  Thus, Mr. Stridiron fails to sufficiently

plead the requisite actual malice or facts to demonstrate that this was anything other than the

non-actionable expression of opinion.  Schulman, 12 N.Y.3d at 150.  Accordingly, any claim for

slander based on this alleged statement fails.

    Finally, the Plaintiffs fail to sufficiently plead the requisite special damages.  The facts in

the Amended Complaint are insufficient, even if true, to establish that the alleged statements of

Ms. Mineo and Mr. Howard injured Mr. Stridiron in his trade, business, or profession.  Notably,

there is no allegation that the statement of Ms. Mineo was published to any third party and there

is no allegation that the alleged statement of Mr. Howard went any further then the local reporter,

that a story was indeed run on it, or that it made its way to other members of the community or

Mr. Stridiron's customers.  Thus, Mr. Stridiron fails to sufficiently plead *per se* damages, despite

his conclusory and bald allegations of damage to his business.  Sadowy v. Sony Corp., 496

F.Supp. 1071, 1077 (S.D.N.Y. 1980).  Mr. Stridiron also fails to allege special damages with the

requisite particularity.  Instead he relies on insufficient general and conclusory allegations of

financial and emotional injuries.  Thus, he fails to state plausible claims for slander.  Thai v.

Cayre Group, Ltd., 726 F.Supp.2d 323, 336-37 (S.D.N.Y. 2010); Collins v. Travers Fine Jewels,

Inc., 2017 WL 1184035 at * 3-4 (S.D.N.Y. Mar. 29, 2017).

**POINT VIII:  THE CLAIM FOR ASSAULT FAILS**

While the Plaintiffs generally alleged that the physical interference of a District employee

during an interview Matthew attempted to give was unwelcome and unwarranted, they do not

plead facts demonstrating that the Defendants intentionally engaged in physical contact of

Matthew and that the contact was of the type that caused him imminent apprehension of harmful

contact.  Gould v. Rempel, 99 A.D.3d 759, 760 (2d Dept. 2012); Bastien v. Sotto, 299 A.D.2d

432 (2nd Dept. 2002).

**POINT IX:   THE CAUSES OF ACTION FOR NEGLIGENCE AND BREACH OF
FIDUCIARY DUTY FAIL[6]**

Although entitled and represented as one for negligence, in substance the first cause of

action sounds as one for educational malpractice.  The cause of action is rooted in allegations

that the  District's grading and credit calculation systems, ranking procedures, and record

---

[6]   The cause of action for breach of a non-delegable duty should also be dismissed because there
is no separate cause of action for breach of non-delegable duty and it is duplicative of the claims
for negligence and breach of fiduciary duty.

keeping were faulty, careless, and below standard.  These amount to allegations of deficiencies

or improprieties in the District's day-to-day operations, practices, and systems, and therefore,

they sound in educational malpractice.

However, claims sounding in educational malpractice are not recognized in New York.

Hoffman v. Board of Education, 49 N.Y.2d 121, 424 N.Y.S.2d 376 (1979); Donohue v.

Copiague UFSD, 47 N.Y.2d 440, 418 N.Y.S.2d 375 (1979).  It is well-settled that educational

malpractice has not been recognized as a cause of action in this state because public policy

precludes judicial interference with the professional judgment of educators and with educational

policies and practices.  Hoffman, 49 N.Y.2d at 125.  Accordingly, the cause of action fails and

must be dismissed.

For the same reasons, the Plaintiffs' cause of action for breach of fiduciary duty fails.  In

addition, there is no basis either fact or legal authority for the proposition that a particularized

relationship of trust or special duty existed between the Plaintiffs and the Defendants.  Wende C.

v. United Methodist Church, 6 A.D.3d 1047, 776  (4th Dept.2004); Village of Canon v. Bankers

Trust Co., 920 F.Supp. 520, 522-23 (S.D.N.Y.1996).  There certainly are no factual particulars to

support such a claim here.  The Amended Complaint is devoid of any assurances or false

promises to act for the benefit of Matthew that were made by the Defendants.  In fact, the

Plaintiffs' own allegations seem to suggest that they were constantly at odds with the District and

not in a place of trust or reliance on the Defendants.

Accordingly, the Plaintiffs' first and third cause of action should be dismissed for failure

to state plausible claims.

## POINT X:        THE CAUSES OF ACTION FOR FRAUD AND FRAUDULENT CONCEALMENT FAIL

To state a claim for fraud, the Plaintiffs must sufficiently plead a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages.  Bare and conclusory allegations of such elements are insufficient to state a cause of action and evade a motion to dismiss.  Allison v. Round Table Inv. Management Co., 447 Fed. Appx. 274, 275-76 (2d Cir. Jan. 12, 2012); Introna v. Huntington Learning Ctrs., Inc., 78 A.D.3d 896, 898; Greenberg v. Blake, 117 A.D.3d 683, 684 (2d Dept. 2014).  The elements of a fraudulent concealment claim under New York law are: (1) a duty to disclose material facts; (2) knowledge of material facts by a party bound to make such disclosures; (3) failure to discharge a duty to disclose; (4) scienter; (5) reliance; and (6) damages.  Woods v. Maytag Co., 807 F.Supp.2d 112, 124 (E.D.N.Y.2011).  Under Rule 9(b), a plaintiff seeking to assert a claim for fraud must sufficiently plead the details of the statements alleged to be fraudulent, the speaker of such statements, when and where the statements were made, why the statements are fraudulent, and plead particular facts suggesting the requisite state of mind of the alleged speaker.  Fed. R. Civ. P. 9(b); Loreley Financing No. 3 Ltd. v. Wells Fargo Sec., 797 F.3d 160, 170-71 (2d Cir. July 24, 2015).  The same is true with respect to claims for fraudulent concealment.  Warren v. John Wiley & Sons, 952 F.Supp.2d 610, 616 (S.D.N.Y. 2013).

Here, the Plaintiffs have not sufficiently articulated particular facts to satisfy the pleading standard.  Outside the contexts of the representations alleged to have been made in submissions to the Commissioner of the State Education Department in Opposition to the Plaintiffs' appeal, the Plaintiffs do not identify the speakers of any allegedly fraudulent statements, how such statements were made, why the statements were fraudulent, or facts suggesting that any of the

Defendants were acting with the requisite intent to defraud the Plaintiffs and induce some reliance by Plaintiffs.  Rather, they generally allege that the "Defendants" attempted to conceal their errors, ignored them, changed processes, changed grades, and refused to make corrections and provided inaccurate information to Columbia University to justify their conduct.  <u>See</u> Exhibit "A", ¶¶ 111, 135-138.  However, none of these allegations identify who made the statements or took the fraudulent actions and how the Defendants intended the alleged statements or actions to induce some sort of reliance in the Plaintiffs.  An attempt to conceal alleged errors, especially where there is no particularized or special relationship of trust or duty or intent to induce some action or reliance by the plaintiff, is not by itself actionable as fraud.

Further, the Amended Complaint is devoid of any factual allegations that demonstrate a justifiable reliance by the Plaintiffs on alleged false statements or undisclosed material facts. The Plaintiffs do not even allege that they relied on any false statements or omissions of material fact by the Defendants and how any such reliance was to their detriment.  The Plaintiffs' own allegations seem to eviscerate any claim of justifiable reliance as they allege that from the outset, the Defendants were targeting them, that the Defendants was not forthcoming, and  that the Defendants did not want to help them.  Reliance in such circumstance would not be justified.

Finally, to the extent the Plaintiffs seek to assert their fraud-based claims on the alleged representations by the District in opposition to the appeal to the Commissioner, they cannot do so.  Those statements and representations were made in the course of the proceeding before the Commissioner by the District, their adversary.   Not surprisingly, the Plaintiffs may disagree with such statements or feel they are not accurate, however, this does not compel the conclusion that such statements are fraudulent and does not give rise to actionable claims for fraud.

Accordingly, the Plaintiffs' fourth and sixth causes of action must be dismissed.

## CONCLUSION

For all the foregoing reasons, the Defendants respectfully request that their motion be

granted in its entirety and that the Amended Complaint be dismissed with prejudice.

Dated:  White Plains, New York
       December 2, 2020

Respectfully submitted,

**SILVERMAN AND ASSOCIATES**

By: _Caroline B. Lineen_____
      Caroline B. Lineen
      Attorneys for Defendants
      445 Hamilton Avenue, Suite 1102
      White Plains, New York 10601