UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————————

DARREN J. STRIDIRON. EVELYN MEIJA
STRIDIRON and MATTHEW A. STRIDIRON,

                Plaintiffs,

 -vs-

NEWBURGH ENLARGED CITY SCHOOL
DISTRICT, CAROLE MINEO, PHIL
HOWARD, LISA MARIE SPINDLER and
ROBERTO PADILLA,

                Defendants.

———————————————————————————

Civ. Case No.: 20-cv-6823  (CS)


## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT AND FACTS …………………………………………… 5

ARGUMENT ………………………………………………………………………… 5

I. STANDARD FOR 12(b)(6) MOTION …………………………………………... 6

II. THE COURT HAS JURISDICTION OVER THE DEFENDANTS ……………………… 6

III. PLAINTIFF EVELYN STRIDIRON HAS STATED A VIABLE
CAUSE OF ACTION ………………………………………………………………… 8

IV. THE PLAINTIFFS HAVE STATED VIABLE DUE PROCESS
CAUSES OF ACTION ………………………………………………………………. 9

V. PLAINTIFFS' DUE PROCESS CLAIMS ARE NOT BARRED BY QUALIFIED
IMMUNITY …………………………………………………………………………10

VI. THE PLAINTIFFS HAVE STATED VIABLE EQUAL PROTCTION CAUSES OF
ACTION …………………………………………………………………………11

VII. THE PLAINTIFFS HAVE STATED VIABLE EMOTIONAL DISTRESS CLAIMS….12

VIII. THE PLAINTIFFS HAVE STATED VIABLE SLANDER CLAIMS…………………13

IX. PLAINTIFF MATTHEW STRIDIRON HAS STATED VIABLE ASSAULT CLAIM…14

X. THE PLAINTIFFS HAVE STATED VIABLE NEGLIGENCE AND BREACH OF
FIDUCIARY DUTY………………………………………………………..………14

XI. THE PLAINTIFFS HAVE STATED VIABLE FRAUD AND FRAUDULENT
CONCEALMENT CLAIMS…………………………………………………….....16

CONCLUSION ………….……………………………………………….....17

**TABLE OF AUTHORITIES**

<u>CASES</u>

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ……………………………………………… 6

Beattie v. Madison Cty. Sch. Dist., 254 F.3d 595 (5th Cir. 2001)……………………… 10

Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)…………………………………………6

Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972)………………………….. 10

Brown v. Lockwood, 76 AD2d 721, 730 (2d Dept. 1980)………………………………………16

Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002)………………………………9

Charles W. v. Maul, 214 F.3d 350, 360 (2d Cir.2000)…………………………………………………11

Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir.1999)……………6

Donohue v Copiague Union Free School Dist., 47 N.Y.2d 440, 418 N.Y.S.2d 375 (1979)………14

Eurycleia Partners, LP v. Seward & Kissel, LLP, 12 N.Y.3d 553, 883 N.Y.S.2d 147 (2009)….16

Francis v. Coughlin, 891 F.2d 43, 46 (2d Cir.1989)…………………………………………………11

Frank v Walgreens, 2010 WL 3119267 (E.D.N.Y 2010)……………………………………………7

Gerena v. Korb, 617 F.3d 187 (2d Cir. 2010)……………………………………………………7

Gould v Rempel, 99 A.D.3d 759, 760 (2d Dept 2012)…………………………………….…..14

Hoffman v Board of Educ., 49 N.Y.2d 121, 424 N.Y.S.2d 376 (1979)…………………………14

Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir.2009) ……………………………………………..6

Minter v. Showcase Sys., Inc., 641 F. Supp. 2d 597 (S.D.Miss.2009)……………………………8

Osrecovery Inc. v. One Group Intern Inc., 234 F.R.D. 59 (S.D.N.Y. 2005)………………………8

Savino v. Board of Education of School Dist. No. 1, 123 A.D.2d 314 (2nd Dept. 1986)………….15

Shepard v. Cleveland Sch. Dist., 822 Fed. Apps. 312, 313 (5th Cir. Sept. 25, 2020)………………9

Town of Castle Rock v. Gonzales, 545 U.S. 748 (2005)……………………………………….. 10

Wilkinson v. Russell, 182 F.3d 89, 102-03 (2d Cir.1999)…………………………………………11

Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007)………………………………… 8


RULES

Fed.R.Civ.P. 8(a)(2)…………………………………………………………………………………6

Fed.R.Civ.Proc. 4(m)…………………………………………………………………………….. 7

Fed.R.Civ.P. 10(c)…………………………………………………………………………………6

Fed.R.Civ.P. 12(b)(6)…………………………………………………………………………….. 5


TREATISES

24 N.Y.Jur., Fraud and Deceit, s 14; 37 C.J.S. Fraud s 3 …………………………………………16

## PRELIMINARY STATEMENT AND FACTS

The plaintiffs, Darren J. Stridiron, Evelyn Meija Stridiron and Matthew A. Stridiron originally filed a summons with notice in the Supreme Court of New York, Orange County, Index No. EF003178-2020, on July 2, 2020. Shortly thereafter and prior to the Summons with Notice being served, the attorneys for Defendant Newburgh Enlarged City School District ("NECSD"), filed and served a notice of appearance and demand for complaint dated July 20, 2020. The plaintiffs responded by serving the complaint on the defendants' attorneys on August 10, 2020 and filing same with New York State's electronic filing system. The defendants then removed the matter to federal court on August 24, 2020. Plaintiffs served the defendants on September 24, 2020 with the original summons with notice and the complaint in this matter. Defendants filed Notices of Appearance and sought and were granted an extension of time to respond to the complaint by order of this Court, dated August 27, 2020. Defendants further requested a pre-motion conference by letter dated September 21, 2020.. Plaintiffs' counsel responded to defendants' letter to the Court by letter dated October 8, 2020. After a conference held on October 15, 2020, this Court ordered that an amended Complaint be submitted by November 5, 2020, that the motion to dismiss (or answer) be submitted by December 2, 2020, that plaintiffs' opposition would be due January 4, 2021 and any reply would be due January 18, 2021.

The amended complaint contains the alleged facts in this matter and must be viewed in the light most favorable to the plaintiffs.

## ARGUMENT

## I. STANDARD FOR 12(b)(6) MOTION

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P.

8(a)(2), and be "plausible on its face," *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a Court may look at any document attached to the complaint as an exhibit, as well as the allegations of the complaint itself. *See* Fed.R.Civ.P. 10(c); *Dangler v. New York City Off Track Betting Corp.,* 193 F.3d 130, 138 (2d Cir.1999). The Second Circuit has held that the Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiffs'] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir.2009) (per curiam).

For the reasons stated below, the plaintiffs have met the pleading standards and the defendants' motion should be denied.

## II. THE COURT HAS JURISDICTION OVER THE DEFENDANTS

Defendants first raise concerns with regard to the service of the summons with notice and the complaint on the defendants and allege the complaint should be dismissed for lack of jurisdiction. This matter was commenced in New York State Supreme Court. Under the CPLR, a plaintiff has 120 days to serve the summons with notice. There is no requirement that the plaintiffs serve the summons with notice any earlier. It was the defendants, through their attorneys, who demanded a complaint shortly after the summons with notice was filed and prior to the running of the 120 days for service. Pursuant to the demand, the complaint was served on defense counsel on August 10, 2020. The defendants then removed the matter to federal court on August 24, 2020.

There was no original federal complaint in this matter. The demand for a complaint was made in state court. The defendants were served with the complaint that was initiated in state court, along with the summons with notice. While the defendants seek to impose the federal rules upon

the plaintiffs *ab initio*, the complaint was a state court complaint until the amended complaint was filed in this Court on November 5, 2020 as directed by this Court's Order. Defendants' argument that service of the original pleadings is deficient as a basis for asking that the case be dismissed is mere form over substance and without merit.

The case law cited by defendants does not mandate dismissal. For example, the case of *Frank v Walgreens*, 2010 WL 3119267 (E.D.N.Y 2010) relied upon by the defendants does not apply as in that case the matter was removed by defendants prior to the filing of a state complaint. The Eastern District of New York Court determined that the federal complaint was required to be served with a federal summons in order to be valid and indicated that no request had been made to enlarge this time for one of the defendants. Here, the summons and complaint were filed in the New York State court and an index number was assigned. The affidavits of service attached to defendants' motion establish that the summons with notice and complaint were properly served on the defendants in September. The federal amended complaint was then filed pursuant to this Court's directive on November 5, 2020. As such, under the Federal Rules of Civil Procedure, the plaintiffs should have 90 days from that date to serve the amended complaint to the extent service of a hard copy is required, which date would be by February 3, 2021.

In the alternative, plaintiffs request that that the time to serve the defendants be extended under Fed.R.Civ.Proc. 4(m). Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In *Gerena v. Korb*, 617 F.3d 187 (2d Cir. 2010), the Second Circuit noted that it has "interpreted this rule to give wide latitude to courts in deciding when to grant extensions on time

to serve, including permitting courts to grant extensions even absent good cause." *Id.* at 201. See also, *Zapata v. City of New York,* 502 F.3d 192, 196 (2d Cir. 2007) ("[C]ourts have the discretion to grant extensions of the service period even where there is no good cause shown"), *cert. denied,* 552 U.S. 1243 (2008). The Court further noted that "There is a clear split of authority on whether or not service of a state court summons, after removal to federal court, is sufficient to effect service. *See Minter v. Showcase Sys., Inc.,* 641 F. Supp. 2d 597 (S.D.Miss.2009) (collecting cases on both sides though none from courts in the Second Circuit and ultimately determining that the view that federal service could be completed by delivery of the state court summons after removal was correct)." *Id.* at 202. Consequently, the service here was proper and timely, even with the state summons with notice.

Defendants' reliance on *Osrecovery Inc. v. One Group Intern Inc.*, 234 F.R.D. 59 (S.D.N.Y. 2005) is also misplaced. In that case, the matter was filed as a federal complaint and was served without any summons whatsoever. The attorney for the plaintiff stated that it was an error. Here, the state court complaint was served with the state court summons with notice that initiated the case. It cannot be said that this is the same deficiency as the failure to serve any summons at all. This Court should find that there was proper and timely service of the summons with notice and complaint on the defendants. In the alternative, the Court should grant plaintiffs leave to serve a federal summons with the amended complaint by February 3, 2021, which would be 90 days from the filing of the federal amended complaint. Should aa decision not allow enough time for such service, the Court's discretion as to an appropriate time should be ordered.

### III. PLAINTIFF EVELYN STRIDIRON HAS STATED A VIABLE CAUSE OF ACTION

Defendants claim that there are no plausible claims on behalf of Mrs. Stridiron. To the contrary, Mrs. Stridiron was present at the dinner where her son was not acknowledged as the

valedictorian. She was further made to feel demeaned by her treatment at that dinner by the members of the NECSD. Mrs. Stridiron has asserted a cause of action for both negligent and intentional infliction of emotional distress as set forth in the amended complaint and further discussed *infra*. Her claims are not merely derivative. She was also subject to ridicule and contempt due to the conduct of the NECSD. Further, she suffered from emotional distress related to the ongoing problems both her son and husband were facing as a result of the action of the NECSD.

## IV. THE PLAINTIFFS HAVE STATED VIABLE DUE PROCESS CAUSES OF ACTION

Defendants' claim that plaintiff cannot make out a due process claim is similarly misplaced. Contrary to defendants' argument, the Second Circuit has not determined that valedictorian honors cannot be a property interest under the Fourteenth Amendment. The cases to which defendants refer do not conclusively establish that no such property right can exist in New York. For example, in *Shepard v. Cleveland School District,* 822 Fed. Apps. 312, 313 (5th Cir. Sept. 25, 2020), the Court did not find that there was no due process claim. Instead, that court found that the decision maker with regard to the incorrect grades was not named as a defendant and there was a handbook that contradicted the claimant's allegation that there was a right to a sole valedictorian . Even then, that case was not dismissed until after full discovery. *Id.*

In the Second Circuit, identifying a relevant property interest is a two-step process. *See Ciambriello v. County of Nassau,* 292 F.3d 307, 313 (2d Cir. 2002). First, the court must determine whether some source of law other than the Constitution, such as a state or federal statute, confers a property right on the plaintiff. As the United States Supreme Court stated, "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law - rules or understandings that secure certain benefits and that support claims of entitlement to those

benefits." *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577 (1972). Once such a property right is found, the court must then determine whether that property right "constitutes a property interest for purposes of the Fourteenth Amendment." *Town of Castle Rock v. Gonzales,* 545 U.S. 748 (2005).

Reading the complaint in the light most favorable to the plaintiffs, property rights do exist and were denied by defendants. The NECSD has a defined process for determining class rank and awards a cash prize to the valedictorian. This valuable monetary right was denied to Matthew when NECSD changed the way it calculated the rankings three times and altered grades to make sure that Matthew did not receive the correct ranking. As a result of the intentional manipulation of the rankings, Matthew was denied the full amount of the cash prize that he should have received as well as valuable financial scholarships.

The Stridirons have the right to complete discovery to establish that the actions taken by the NECSD violated Matthew's due process rights. Discovery also would establish how the ranking calculations were made, how those rules were changed in determining the rankings, when the rules were changed, and who altered Matthew's grades downward. As Matthew was denied money related to the diminishment of his achievement, this strengthens that he did indeed have a property interest in the title of valedictorian.

## V. PLAINTIFFS' DUE PROCESS CLAIMS ARE NOT BARRED BY QUALIFIED IMMUNITY

A school district, or a school board as policymaker for a school district, may be proper defendants to a § 1983 claim "if the challenged action implements or executes a policy officially adopted by that body's officers." *Beattie v. Madison Cty. Sch. Dist.,* 254 F.3d 595, 600 n.2 (5th Cir. 2001). "A court evaluating a claim of qualified immunity must first determine whether the

plaintiff has alleged the deprivation of an actual constitutional right.... In the event that this threshold determination reveals a possible constitutional violation, [a] qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Wilkinson v. Russell,* 182 F.3d 89, 102-03 (2d Cir.1999) (citations and internal quotation marks omitted).

The Second Circuit expanded these tests to add "'whether in light of preexisting law the unlawfulness of the defendant official's actions is apparent.'" *Charles W. v. Maul,* 214 F.3d 350, 360 (2d Cir.2000) (quoting *Francis v. Coughlin,* 891 F.2d 43, 46 (2d Cir.1989)).

Here, an actual right was deprived, and the qualified immunity defense has not been met. Defendants argue that, even if the Stridirons' establish a property right in being designated valedictorian; the claim must fail as the defendants have qualified immunity. It should be "apparent", however, that it would be unlawful to change a student's grade for the purpose of denying a student the rank of valedictorian. The amended complaint alleges that at least one grade was lowered and that the NECSD tried to prevent the plaintiffs from discovering that fact. Furthermore, NECSD refused to correct the grade even when advised it was wrong. Such conduct, when coupled with the claims that such actions were based on an improper retaliatory motive, render such actions unlawful and do not warrant a defense of qualified immunity.

## VI. THE PLAINTIFFS HAVE STATED VIABLE EQUAL PROTCTION CAUSES OF ACTION

The defendants claim that the plaintiffs cannot state a cause of action under the Equal Protection clause, which is the tenth cause of action in the amended complaint. Contrary to the

assertion of the defendants, the plaintiffs were not relying on mere stray remarks to establish that Matthew's race was a factor in taking away his sole valedictorian ranking.

The plaintiffs have stated facts from which a reasonable fact finder could infer that the reason for the constantly evolving machinations to alter Matthew Stridiron's class rank were done to support a desire of the NECSD to create diversity in the top rankings. As such, race would have been an impermissible factor in determining the rankings. The fact that Matthew was advised that he was the valedictorian, and the rankings were re-calculated three times with changing criteria, require that the plaintiffs be allowed to conduct discovery into this issue. To simply ignore the allegations would require this Court to become a fact-finder and wrongly view the facts in the light most favorable to the defendants. Especially where discrimination is an issue, the courts should be loathe to make fact determinations as such discrimination rarely provides a "smoking gun."

## VII. THE PLAINTIFFS HAVE STATED VIABLE EMOTIONAL DISTRESS CLAIMS

While the defendants claim that the plaintiffs have not stated valid causes of action for intentional or negligent infliction of emotional distress, the allegations in the complaint, taken as true, establish that the defendants undertook a course of conduct to punish the Stridirons by stripping their son of his class rank and his status as valedictorian. This resulted in pecuniary damages to Matthew, as well as the loss of scholarships.

To punish a child because of the acts of a parent is extreme and outrageous conduct that plaintiffs should be allowed to bring before a jury. The actions taken against Matthew were not merely reprehensible. Such actions show that school officials, whose duty was to work in the best interests of all children under their purview, purposefully worked to damage Matthew's future based upon anger directed at his father. The plaintiffs must be allowed to conduct full discovery

to demonstrate that these actions were intentional and in retribution against plaintiffs for the successful whistle-blowing action.

## VIII. THE PLAINTIFFS HAVE STATED VIABLE SLANDER CLAIMS

The claims of slander have been appropriately pleaded. Slander is shown where the plaintiff demonstrates 1) a false statement purporting to be fact; 2) publication or communication of that statement to a third person; 3) fault amounting to at least negligence; and 4) damages, or some harm caused to the person or entity who is the subject of the statement. Here, Mr. Stridiron has asserted two statements that were made which were false. He was accused by Ms. Mineo of not being honest and of having told people confidential information. It is alleged that these statements were made to Mr. Stridiron by her. Mr. Stridiron was then stripped of his committee assignments. As such, there is an alleged inference that these untrue statements were published to the Board who then acted upon them.

The complaint also alleges that Mr. Howard made statements to a local reporter that Mr. Stridiron was using his influence in order to get his named valedictorian. This comment was not made in Mr. Stridiron's presence, so he is not aware of the exact date on which the statement was made. The statement was untrue as Matthew had been informed that he was the valedictorian. It was only after repeated manipulation of the formula and the lowering of some of his grades that his rank was then changed. The fact that this statement was directed at a reporter and it was Mr. Howard who initiated the call shows that there was malice on the part of Mr. Howard. Further, Mr. Howard's statements reflect that he was using his position to assert false facts that he expected the reporter to rely on and write a story to that effect. Mr. Howard's statements would not be considered mere opinion as he made the statements with the impression that he was aware of facts

that would support such an allegation because of his position. As such, there is an actionable claim for slander as against Mr. Howard.

## IX. PLAINTIFF MATTHEW STRIDIRON HAS STATED VIABLE ASSAULT CLAIM

Matthew Stridiron has stated a valid cause of action for assault. "To plead a cause of action to recover damages for assault, a plaintiff must allege intentional physical conduct placing the plaintiff in imminent apprehension of harmful contact." *Gould v Rempel*, 99 A.D.3d 759, 760 (2d Dept 2012)(internal quotation marks omitted). Matthew has alleged that he was intentionally interrupted in the course of a media interview and then physically restrained in an attempt to remove him bodily from the interview. ¶ 33. In addition, he alleged that the physical restraint was without his consent to the touching, was unwelcome, unwarranted and that it caused him mental and emotional distress. ¶¶ 180, 182, 183. These allegations are more than sufficient to state a cause of action for assault. The interruption and physical restraint, which also were alleged in the Notice of Claim served on the NECSD were intentional acts, not the result of a mistake or negligence, and in themselves, constitute an assault.

## X. THE PLAINTIFFS HAVE STATED VIABLE NEGLIGENCE AND BREACH OF FIDUCIARY DUTY

Equally without merit is the defendants' attempt to have the plaintiffs' first cause of action dismissed by asserting that it is merely a claim for "educational malpractice". This is not a case. In *Hoffman v Board of Educ.*, 49 N.Y.2d 121, 424 N.Y.S.2d 376 (1979) and *Donohue v Copiague Union Free School Dist.*, 47 N.Y.2d 440, 418 N.Y.S.2d 375 (1979), the New York Court of Appeals dismissed complaints for educational malpractice, holding that, as a matter of public policy, the courts would not second-guess the professional judgments of public school educators and administrators in selecting programs for particular students. However, there is no allegation

here that Matthew was improperly educated. To the contrary the allegations here assert that NECSD was negligent in the manner in which it discharged its duties to all of its students to properly maintain each student's record of grades and provide proper class rankings based upon the formula that was in place at the time. In *Savino v. Board of Education of School Dist. No. 1,* 123 A.D.2d 314 (2nd Dept. 1986), the court refused to dismiss the complaint therein finding that because the complaint under review did not allege that the infant plaintiff was improperly educated, the complaint was not one based on educational malpractice and could not be dismissed on that basis. *Id.* at 315.

The defendants likewise argue that the breach of fiduciary duty claim is also a disguised "educational malpractice" claim that must be dismissed.  Again, the claim is not that Matthew was not properly educated. It is based on a claim that, as the sole arbiters of the process for determining valedictorian status, the NECSD had an obligation to all its students to determine those rankings without allowing malice, retribution or race to play a role in the process.  The plaintiffs have alleged that this control, the fact that the student are minors, and the importance of these processes to the students; futures, created a particularized relationship of trust and a special duty, not just to Matthew, but to all NECSD students. The actions taken by the NECSD were upsetting as all students are placed into a situation where they expect their school district to act fairly towards all of its students in its record keeping and calculation of class rank and instead, the rankings were weaponized and changed to suit the NECSD's desire to remove the honor from Matthew Stridiron specifically.

## XI. THE PLAINTIFFS HAVE STATED VIABLE FRAUD AND FRAUDULENT CONCEALMENT CLAIMS

The plaintiffs have alleged facts that support both a claim of fraud and fraudulent concealment. "In order to sustain an action for actual fraud the plaintiff must prove: (1) that the defendant made a representation, (2) as to a material fact, (3) which was false, (4) and known to be false by the defendant, (5) that the representation was made for the purpose of inducing the other party to rely upon it, (6) that the other party rightfully did so rely, (7) in ignorance of its falsity (8) to his injury (24 N.Y.Jur., Fraud and Deceit, s 14; 37 C.J.S. Fraud s 3)." *Brown v. Lockwood*, 76 AD2d 721, 730 (2d Dept. 1980). A party pleading fraud should at least state all of the elements of the claim, even if specificity might not be attainable. *Eurycleia Partners, LP v. Seward & Kissel*, LLP, 12 N.Y.3d 553, 883 N.Y.S.2d 147 (2009).

Here, the plaintiffs have alleged that they were advised that the calculations for valedictorian had been properly made. It further alleges that after it was shown that some of Matthew's grades had been downgraded, NECSD continued to assert that the calculations had been properly made. At the point that Matthew advised that his grades were incorrect, NECSD was aware that its calculations would also have to be incorrect, they continued to assert the correctness of the calculations. As such, there was knowledge that these statements were false and were stated with the intent to have the plaintiffs rely upon the statements in accepting Matthew's reduced rank. The plaintiffs require discovery to determine the individual(s) who continued to assert that there was no error in the calculations and refused to make any correction.

Similarly, the plaintiffs have also stated a cause of action for fraudulent concealment as it is alleged that there was an active campaign by the NECSD to convince the plaintiffs that there were no errors in the calculations of school rank, that the calculations had been done in accordance with NECSD's policies, and that the plaintiffs should accept the lowered rank. Part of this

campaign is the allegation it was done behind the scenes in order to induce the plaintiffs to not question the ranking and accept NECSD's assertions. As such, the allegations are sufficient to state a cause of action for fraud and fraudulent concealment.

## **CONCLUSION**

Based on the foregoing, the defendant's motion to dismiss should be denied in its entirety and any such further relief that this Court deems appropriate.

Dated: January 4, 2021
        Rochester, New York

                              TULLY RINCKEY, PLLC


                              By:  /Jeffrey L. Nogee/
                              Jeffrey L. Nogee, Esq.
                              777 Third Avenue
                              21st Floor
                              New York, NY 10017
                              jnogee@tullylegal.com
                              Tele. (646) 813-2962
                              *Attorneys for Plaintiffs*