UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DARREN J. STRIDIRON, EVELYN MEIJA
STRIDIRON and MATTHEW A. STRIDIRON,

                                                                  Docket No.: 20-CV-6823 (CS)

                                Plaintiffs,

      -against-


NEWBURGH ENLARGED CITY SCHOOL
DISTRICT, CAROLE MINEO, PHIL
HOWARD, LISA MARIE SPINDLER and
ROBERTO PADILLA

                                Defendants.
------------------------------------------------------------------------X


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

 

*Of Counsel: Caroline B. Lineen*

# **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**………………………………………………………………1

**ARGUMENT**………………………………………………………………………………...1

      **POINT I**:      **THE PROCESS SERVED WAS DEFICIENT**………………………1

      **POINT II:**     **AN EXTENSION OF TIME TO SERVE IS NOT**
                              **WARRANTED**……………………………………………………2

      **POINT III:**    **THERE ARE NO PLAUSIBLE CLAIMS ON**
                                **BEHALF OF MRS. STRIDIRON**………………………………….4

      **POINT IV:**    **PLAINTIFFS FAIL TO STATE  PLAUSIBLE**
                                **DUE PROCESS CLAIMS**…………………………………………….5

      **POINT V:**     **DEFENDANTS ARE ENTITLED TO QUALIFIED**
                                **IMMUNITY**………………………………………………………6

      **POINT VI:**    **THE EQUAL PROTECTION CLAIM FAILS**……………………..7

      **POINT VII:**   **THE EMOTIONAL DISTRESS CLAIMS**
                                **MUST BE DISMISSED**…………………………………………7

      **POINT VIII:**  **THE CLAIM FOR SLANDER MUST BE**
                                **DISMISSED**…………………………………………………………..8

      **POINT IX:**    **THE CLAIM FOR ASSAULT FAILS**………………………………9

      **POINT X:**     **THE CAUSES OF ACTION FOR NEGLIGENCE**
                                **AND BREACH OF FIDUCIARY DUTY FAIL**……………………9

      **POINT XI:**    **THE FRAUD AND FRAUDULENT CONCEALMENT**
                                **CLAIMS FAIL**………………………………………………………..10

**CONCLUSION**…………………………………………………………………….10

# **TABLE OF AUTHORITIES**

Cases                                                                                                           Page(s)

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Beauvoir v. U.S. Secret Service*,
   234 F.R.D. 55 (E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bridgewater v. Taylor*,
   745 F. Supp. 2d 355 (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cassano v. Altshuler*,
   186 F.Supp.3d 318 (S.D.N.Y. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*City of Perry, Iowa v. Procter & Gamble Co.*,
   188 F. Supp. 3d 276 (S.D.N.Y. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*,
   187 F.R.D. 503 (S.D.N.Y.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Frank v. Walgreens*,
   2010 WL 3119267 (E.D.N.Y. Aug. 4, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Hagie v. General Motors Corp.*,
   1999 WL 222607 (W.D.N.Y. Apr. 6, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Howard v. Klynveld Peat Marwick Goerdeler*,
   977 F.Supp. 654 (S.D.N.Y.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Jones v. Trump*,
   971 F.Supp. 783 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Loreley Financing No. 3 Ltd. v. Wells Fargo*,
   797 F.3d 160 (2d Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*New York*,
   240 A.D.2d 543 (2d Dept. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>*Nobriga v. Dalton*</u>,
   1996 WL 294354 (E.D.N.Y. May 28, 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Romeo & Juliette Laser Hair Removal, Inc. v. Assara*,
   2014 WL 4723299 (S.D.N.Y. Sept. 23, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Rupert v. Metro-North Commuter Railroad Co.*,
   1996 WL 447745 (S.D.N.Y. Aug. 7, 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Shepard v. Cleveland Sch. Dist.*,
   822 Fed. Appx. 312 (5th Cir. Sept. 25, 2020)..............................5

*Stuto v. Fleishman*,
   164 F.3d 820 (2d Dept. 1999)..............................................8

*T.P. v. Elmsford Union Free Sch. Dist.*,
   2012 WL 5992748 (S.D.N.Y. Nov. 22, 2012)..............................7

*Taylor v. City of New York*,
   269 F. Supp. 2d 68 (E.D.N.Y. 2003)......................................4

*Taylor v. Milly's Pizzeria, Inc.*,
   2016 WL 2991090 (E.D.N.Y. Apr. 19, 2016)..............................3

*Vaher v. Town of Orangetown*,
   916 F.Supp.2d 404 (S.D.N.Y. 2013)....................................3, 4

*Zapata v. City of New York*,
   502 F.3d 192 (2d Cir. 2007)............................................3, 4

**PRELIMINARY STATEMENT**

The Defendants, Newburgh Enlarged City School District ("the District"), Carole Mineo ("Ms. Mineo"), Phil Howard ("Mr. Howard"), Lisa Marie Spindler ("Dr. Spindler"), and Roberto Padilla ("Dr. Padilla"), by and through their attorneys, Silverman and Associates, respectfully submit this Memorandum of Law in reply to the Opposition of the Plaintiffs and in further support of their motion to dismiss the Plaintiffs' Amended Complaint.

**ARGUMENT**

**POINT I:   THE PROCESS SERVED WAS DEFICIENT**

The Plaintiffs argue that they were not required to follow the Federal Rules of Civil Procedure because they initially commenced the action in the state court. Regardless of initial commencement in state court, the matter was removed thereafter to this Court. As of that time, the state court no longer had jurisdiction. The Plaintiffs clearly had not effectuated service, let alone even attempted, service of the Defendants before removal to this Court and once they did attempt service, the case was within this Court and they were required to comply with the Federal Rules of Civil Procedure. By serving a Summons not issuing from this Court, a fact which they do not dispute, the Plaintiffs did not do so.

The Plaintiffs argue that *Frank v. Walgreens* does not support the Defendants' position, but indeed it does. The fact that the complaint had not yet been filed prior to removal in *Frank* is of no import. What is important is that at the time of the removal in *Frank,* the defendants had not been served with the Summons with Notice and plaintiff later served them after removal with a state court Summons. This is strikingly similar to the instant facts. The court properly concluded that it lacked personal jurisdiction over the defendants. *Frank v. Walgreens*, 2010 WL 3119267 at *3-4 (E.D.N.Y. Aug. 4, 2010).

**POINT II:**   **AN EXTENSION OF TIME TO SERVE IS NOT WARRANTED**

The Plaintiffs' time to serve will expire February 3, 2021 and will likely be expired when the Court rules on this motion. Pursuant to Rule 4(m), the Court must extend the time to service if the plaintiff demonstrates good cause for the failure to service. There is no good cause here.

It is widely held that mistakes and inadvertence do not constitute good cause justifications for the failure to effect timely service of process. *Rupert v. Metro-North Commuter Railroad Co.*, 1996 WL 447745 at * 1 (S.D.N.Y. Aug. 7, 1996). In fact, good cause is found generally only when there are "'exceptional circumstances'" and a plaintiff's failure to effectuate timely service of process is the "'result of circumstances beyond [his or her] control.'" *Beauvoir v. U.S. Secret Service*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006), quoting, *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y.1999). Particularly important for the instant matter, "'[a]n attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause.'" *Beauvoir*, 234 F.R.D. at 56, quoting, *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F.Supp. 654, 658 (S.D.N.Y.1997), *aff'd*, 173 F.3d 844 (2d Cir.1999).

Significantly, the Plaintiffs do not articulate any explanation for why the Defendants could not be served with sufficient process within the proscribed time. They have not offered any explanation for why they did not even seek to obtain Summonses from this Court. Nor do they argue that doing so would have been impossible or that circumstances outside of their control that prevented them from serving proper process. Indeed, all circumstances were well within their control, they simply failed to comply with the Rules and take the necessary steps. This disregard for the applicable Rules and lack of effort and diligence in requesting proper

summonses do not support good cause.  *Vaher v. Town of Orangetown*, 916 F.Supp.2d 404, 419-20 (S.D.N.Y. 2013).

While the Court has discretion to extend the deadline to serve even in the absence of good cause, it should decline to do so here.  For such a discretion extension, the courts generally require the plaintiff to articulate a colorable excuse.  *Cassano v. Altshuler*, 186 F.Supp.3d 318, 323 (S.D.N.Y. 2016), quoting, *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007).  The Plaintiffs have not offered any colorable excuse.  They argue only that process should be deemed sufficient.  Thus, a discretionary extension should be denied at the outset.

If a plaintiff articulates a colorable excuse, the courts generally proceed to balance four factors: (1) whether the statutes of limitations would bar the action once re-filed; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service.  Vaher, 916 F.Supp.2d at 420.  While certain state law claims may be time barred if the action were dismissed, other federal claims would not.  In any event, expiration of the statute of limitations alone does not entitle the plaintiff to an extension.  Nobriga v. Dalton, 1996 WL 294354 at * 3 (E.D.N.Y. May 28, 1996) (denying extension of time to serve).  The Defendants also never attempted to conceal their challenges to service, noting them in the Removal and the pre-motion letter, and thus, the Plaintiffs should have been hyper-focused on ensuring they satisfied all the requirements to complete timely and proper service, including securing and serving proper process.  *Nobriga*, 1996 WL 294354 at * 3; *Vaher*, 916 F.Supp.2d at 421.  Further, even to date, the Plaintiffs have made no attempt to correct the deficiencies in process.  *Taylor v. Milly's Pizzeria, Inc.*, 2016 WL 2991090 at * 1 (E.D.N.Y. Apr. 19, 2016).  Finally, the Defendants do not need to prove that they will incur substantial prejudice

if the extension is granted, especially where the other factors weigh against the extension. *Vahar,* 916 F.Supp.2d at 421-22; *Zapata v. City of New York*, 502 F.3d 192, 197–98 (2d Cir. 2007).  However, the Defendants will incur prejudice if the extension is granted because they have already expended considerable time and resources challenging service/process and were forced to seek dismissal through this motion.  Thus, the Plaintiffs are not entitled to an extension of time to serve even under the discretionary standard.

**POINT III:     THERE ARE NO PLAUSIBLE CLAIMS ON BEHALF OF MRS. STRIDIRON**

The plaintiffs do not dispute that they have not asserted any plausible First Amendment retaliation, due process, or equal protection claims or claims for negligence, fraud, fraudulent concealment, slander, assault, or breach of fiduciary duty on behalf of Mrs. Stridiron.  Therefore, any such claims on behalf of Mrs. Stridiron have been abandoned and must be dismissed.  *Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003); *City of Perry, Iowa v. Procter & Gamble Co.*, 188 F. Supp. 3d 276, 287 (S.D.N.Y. 2016), *citing*, *Romeo & Juliette Laser Hair Removal, Inc. v. Assara*, 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014).  The Plaintiffs seem to argue instead that they only assert claims for intentional and negligent infliction of emotional distress on her behalf.  See Pls. Memorandum of Law, at p. 9.

However, the Plaintiffs fail to identify any facts demonstrating that Mrs. Stridiron's physical safety was unreasonably endangered or she was caused to fear for her physical safety because of the defendants' conduct.  They allege only that she was subject to ridicule and contempt, without any factual specifics of such ridicule and contempt, and that she was present at a dinner at which her son was acknowledged as co-valedictorian.  The bald and vague allegations of ridicule and contempt and her presence at a dinner are woefully insufficient to state plausible claims for negligent infliction of emotional distress.  Similarly, they do not even

come close to meeting the requisite extreme and outrageous conduct to state a plausible claim for intentional infliction of emotional distress. Mrs. Stridiron may have been upset or disappointed[1] that her son was co-valedictorian, but that does not mean that she has a legal claim for relief against the Defendants. Accordingly, all claims on behalf of Mrs. Stridiron should be dismissed.

**POINT IV:    PLAINTIFFS FAIL TO STATE PLAUSIBLE DUE PROCESS CLAIMS**

Significantly, the Plaintiffs have not cited to a single case or legal authority establishing that a student has a constitutionally protected property interest in a certain class rank, honor, or grade. Moreover, Plaintiffs appear to misread the case law supporting Defendants' argument. They argue that *Shepard v. Cleveland Sch. Dist.* did not hold there is no due process right to valedictorian status. However, in affirming dismissal of the claim, the court expressly stated "[m]ore to the point, there is no constitutional right to being named sole valedictorian" and "there is no free-standing right to class honors." *Shepard v. Cleveland Sch. Dist.*, 822 Fed. Appx. 312, 313 (5th Cir. Sept. 25, 2020).

The Plaintiffs next argue that the two-step inquiry followed in the Second Circuit compels the conclusion that Matthew held a property interest in being sole valedictorian. Yet here, there is no independent source of law, federal or otherwise, that conferred such a property interest on Matthew. The Plaintiffs' argument that there was a "defined process" for determining class rank similarly does not compel the conclusion that there is a property interest in the rank of valedictorian. A school district is certainly free to change its "process" if it desires, especially where there is no law governing how such calculations must be performed. A vague claim of, essentially, a usual way of doing things, alone is not a guarantee or contractual agreement that

---

[1] The Defendants submit that the title of valedictorian is no less an honor and is not less deserving of great pride and celebration because another student is also bestowed the same honor.

method will always be used and does not create an entitlement to a specific benefit or outcome. Moreover, the Plaintiffs' allegations in the Amended Complaint suggest the contrary of a "defined process" for determining class rank; they are rather that there was no clear process and understanding for how such rank would be determined.

The Plaintiffs' argument that they have the right to complete discovery is also unavailing and has been repeatedly rejected by the courts. The Plaintiffs must first plead plausible claims for relief to move forward to discovery, not the other way around. The low pleading threshold "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009); *Bridgewater v. Taylor*, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010). The Plaintiffs fail to address any of the other arguments raised by Defendants for dismissal of the due process claim and tellingly do not dispute that they had adequate process through an Appeal to the Commissioner pursuant to New York Education Law § 310 and the opportunity to appeal the Commissioner's Decision through an Article 78 proceeding. Accordingly, the Plaintiffs fail to establish the plausibility of a due process claim and their ninth cause of action must be dismissed.

**POINT V:**   **DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY**

The Plaintiffs' conclusory argument that because Matthew was deprived of an actual right, qualified immunity does not apply is without merit. For the reasons already discussed at length, there is no legal authority clearly establishing such a right beyond debate. Therefore, the Defendants are entitled to qualified immunity on the due process claims.

**POINT VI:   THE EQUAL PROTECTION CLAIM FAILS**

As previously argued, the Plaintiffs' equal protection claims is entirely based on an allegation that a non-decisionmaker District administrator commented positively about apparent diversity in the top three students. The Plaintiffs' Opposition fails to highlight any other facts demonstrating a nexus between Matthew's race and the decisions regarding his class rank. Accordingly, the Plaintiffs' tenth cause of action for equal protection violations cannot withstand dismissal.

**POINT VII:   THE EMOTIONAL DISTRESS CLAIMS MUST BE DISMISSED**

The Plaintiffs do not argue that they have alleged any facts demonstrating the Defendants' alleged conduct unreasonably endangered their safety or caused them fear for their physical safety, and thus, they essentially concede that the Amended Complaint is devoid of such facts. In addition, public policy bars claims for intentional infliction of emotional distress against a governmental entity such as the District. *T.P. v. Elmsford Union Free Sch. Dist.*, 2012 WL 5992748 at * 7 (S.D.N.Y. Nov. 22, 2012); *Lauer v. City of New York*, 240 A.D.2d 543, 544 (2d Dept. 1997), *lv denied*, 91 N.Y.2d 807 (1998). Thus, the intentional infliction of emotional distress claims as against the District and the individual Defendants in their official capacities must be dismissed.

Further, the Plaintiffs' conclusory argument that the alleged conduct rises to the requisite extreme and outrageous conduct, without any citation to cases in which alleged intentional manipulation of grades was held to be beyond the bounds of civilized society, is insufficient to save the intentional infliction of emotional distress claims for dismissal. This is especially true because Matthew was not actually stripped of valedictorian status, he just shared the honor with a fellow student. "It is not enough that a defendant's intent was tortious, or even criminal, that its

7

conduct was aimed at inflicting emotional distress or that such conduct was characterized by malice or a degree of aggravation…" *Hagie v. General Motors Corp.*, 1999 WL 222607 at * 2 (W.D.N.Y. Apr. 6, 1999), citing, *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Dept. 1999); see also *Jones v. Trump*, 971 F.Supp. 783, 787 (S.D.N.Y. 1997) (dismissing claim because allegations that defendants conspired to oppress and abuse the plaintiff in a variety of ways did not reach the high threshold).  Accordingly, the intentional and negligent infliction of emotional distress claims must be dismissed.

**POINT VIII:  THE CLAIM FOR SLANDER MUST BE DISMISSED**

Notably, the Plaintiffs do not dispute that actual malice must be pled to state plausible claims of slander on behalf of Mr. Stridiron.  In addition, the Plaintiffs tellingly do not argue that they have sufficiently pled that the alleged statements of Ms. Mineo were published to third parties, as opposed to spoken only to Mr. Stridiron himself.  Instead, they ask the Court to draw an inference that such statements were published to the Board.  However, the Court is not required to nor permitted to draw such an inference to establish that the Plaintiffs have adequately stated a requisite element of their claims.  Certainly, if these alleged statements were made by Ms. Mineo to Mr. Stridiron in anyone else's presence, he would be able to identify such individuals and could have alleged the same in his Amended Complaint.  He failed to do so.

The Plaintiffs' argument that because Mr. Howard made a statement to a reporter, it was obviously made with malice is circular and conclusory, and it is insufficient to demonstrate that the Plaintiffs adequately plead the requisite actual malice.  Further, the Plaintiffs do not articulate any detailed facts to support the conclusions that Mr. Stridiron was harmed in his profession and business because of such alleged statements.  Nor do they argue that they have sufficiently pleaded special damages.  Accordingly, they fail to state plausible claims for slander.

**POINT IX:     THE CLAIM FOR ASSAULT FAILS**

The Plaintiffs acknowledge that to state a plausible claim for assault, they must sufficiently plead that Matthew was placed in imminent apprehension of harmful contact. However, the Amended Complaint does not include allegations that Matthew indeed had any such imminent apprehension of harmful contact, even if his interview was interfered with.

**POINT X:      THE CAUSES OF ACTION FOR NEGLIGENCE AND BREACH OF FIDUCIARY DUTY FAIL**

The Plaintiffs do not cite to any legal authority supporting the proposition that a fiduciary relationship exists between a school district and its students.  The fact that students may "expect their school district to act fairly towards them" does not give rise to such a duty.  Further, the Plaintiffs may entitle their claims as for negligence, but that does not change the fact that they are alleging negligence in the educational process and procedures, which is educational malpractice and not cognizable.  There is no duty owed by a school district as it pertains to grades and rankings because imposing such a duty would undoubtedly lead to endless legal challenges and potential liability to a school district each and every time a parent/student disagreed with given grades.  Moreover, parents and students have an available avenue to challenge and dispute grades through a § 310 appeal to the Commissioner of Education.  To the extent Plaintiffs argue that they do not claim educational malpractice because their allegation is that the grades and ranks were manipulated as retribution, then it appears they are improperly attempting to disguise a common law claim for retaliation, which is also not cognizable in New York, as one for negligence.  Accordingly, the Plaintiffs' causes of action for negligence and breach of fiduciary duty must be dismissed.

**POINT XI:     THE FRAUD AND FRAUDULENT CONCEALMENT CLAIMS FAIL**

Again, the Plaintiffs argue that their claims should survive because they need discovery. This argument is repeatedly rejected by the courts. Where the Plaintiffs have not adequately pled a plausible claim, they cannot save that claim by arguing they should be able to gather information in discovery. This should be especially true where a plaintiff seeks to assert fraud-based claims, for which they are required to sufficiently plead factual specifics to meet the requirements of Federal Rule of Civil Procedure 9(b); *Loreley Financing No. 3 Ltd. v. Wells Fargo Sec.*, 797 F.3d 160, 170-71 (2d Cir. 2015). In addition, the Plaintiffs fail to highlight in their Opposition the specifics of any alleged fraudulent representations or omissions. Instead, they simple allege that the District continued to maintain its calculations were correct. An individual's or entity's conviction to their position and correctness is not fraud, even if it is disagreed with by another. The Plaintiffs also fail to highlight any facts that would demonstrate their justifiable reliance on any representations by the Defendants.

## CONCLUSION

Accordingly, the Defendants respectfully request that their motion be granted in its entirety and that the Amended Complaint be dismissed with prejudice.

Dated:  White Plains, New York
             January 20, 2021

                                         Respectfully submitted,

                               **SILVERMAN AND ASSOCIATES**

                               By: */s/ Caroline B. Lineen*
                                  Caroline B. Lineen
                                  Attorneys for Defendants
                                  445 Hamilton Avenue, Suite 1102
                                  White Plains, New York 10601